LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (Bar No. 144074)
dalekgalipo@yahoo.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California 91367
Tel:   (818) 347-3333
Fax:   (818) 347-4118

*Attorneys for Plaintiffs V.R., et al.*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| V.R., a minor, by and through her guardian *ad litem* Ariana Toscano, individually and as successor in interest to Juan Ramon Ramos, deceased; and RAMONA TERRAZAS; ABRAHAM TERRAZAS; BLANCA ZUNIGA; DAVID ZUNIGA, SR.; DAVID ZUNIGA, JR.; and JOSE ZUNIGA, in each case individually,<br><br>             Plaintiffs,<br><br>        vs.<br><br>COUNTY OF SAN BERNARDINO; and DOES 1-10, inclusive,<br><br>             Defendants. | Case No.  5:19-cv-1023<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. Unreasonable Search and Seizure—Detention and Arrest (42 U.S.C. § 1983)<br>2. Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983)<br>3. Unreasonable Search and Seizure—Denial of Medical Care (42 U.S.C. § 1983)<br>4. Due Process—Interference with Familial Relationship (42 U.S.C. § 1983)<br>5. Municipal Liability – Ratification (42 U.S.C. § 1983)<br>6. Municipal Liability – Inadequate Training (42 U.S.C. § 1983)<br>7. Municipal Liability – Unconstitutional Custom, Practice, or Policy (42 U.S.C. § 1983)<br>8. False Arrest/False Imprisonment<br>9. Battery (wrongful death)<br>10. Negligence (wrongful death)<br>11. Violation of Cal. Civil Code § 52.1<br>12. Negligence - Bystander<br><br>**DEMAND FOR JURY TRIAL** |

## **COMPLAINT FOR DAMAGES**

COME NOW Plaintiffs V.R., a minor, by and through her guardian *ad litem* Ariana Toscano, individually and as successor in interest to Juan Ramon Ramos, deceased; and RAMONA TERRAZAS; ABRAHAM TERRAZAS; BLANCA ZUNIGA; DAVID ZUNIGA, SR.; DAVID ZUNIGA, JR.; and JOSE ZUNIGA, in each case individually, for their Complaint against Defendants County of San Bernardino and Does 1-10, inclusive, and allege as follows:

## **JURISDICTION AND VENUE**

1.      This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiffs assert claims arising under the laws of the United States including 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution.  This Court has supplemental jurisdiction over Plaintiffs' claims arising under state law pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

2.      Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants reside in this district and all incidents, events, and occurrences giving rise to this action occurred in this district.

## **INTRODUCTION**

3.      This civil rights and state tort action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with the fatal deputy-involved shooting of Plaintiffs' father, son, nephew, and cousin, Juan Ramon Ramos ("DECEDENT"), on July 22, 2018.

## **PARTIES**

4.     At all relevant times, DECEDENT was an individual residing in the City of Highland, California.

5.     Plaintiff V.R., a minor, is an individual residing in the City of Victorville, California and is the natural daughter of DECEDENT.  V.R. sues in her individual capacity as the daughter of DECEDENT and also as the successor in interest to DECEDENT.  V.R. seeks both survival and wrongful death damages under federal and state law.

6.     Plaintiff RAMONA TERRAZAS is an individual residing in the City of San Bernardino, California and is the natural mother of DECEDENT.  RAMONA TERRAZAS sues in her individual capacity as the mother of DECEDENT. RAMONA TERRAZAS seeks both survival and wrongful death damages under state law.

7.     Plaintiff ABRAHAM TERRAZAS is an individual residing in the City of San Bernardino, California and is the natural cousin of DECEDENT. ABRAHAM TERRAZAS sues in his individual capacity and seeks compensatory damages pursuant to his claim for negligent infliction of emotional distress.

8.     Plaintiff BLANCA ZUNIGA is an individual residing in the City of Highland, California and is the natural aunt of DECEDENT.  BLANCA ZUNIGA sues in her individual capacity and seeks compensatory damages pursuant to his claim for negligent infliction of emotional distress.

9.     Plaintiff DAVID ZUNIGA, SR. is an individual residing in the City of Highland, California and is the natural uncle of DECEDENT.  DAVID ZUNIGA, SR. sues in his individual capacity and seeks compensatory damages pursuant to his claim for negligent infliction of emotional distress.

10.     Plaintiff DAVID ZUNIGA, JR. is an individual residing in the City of Highland, California and is the natural cousin of DECEDENT.  DAVID ZUNIGA,

1  JR. sues in his individual capacity and seeks compensatory damages pursuant to his

2  claim for negligent infliction of emotional distress.

3      11.    Plaintiff JOSE ZUNIGA is an individual residing in the City of

4  Highland, California and is the natural cousin of DECEDENT.  JOSE ZUNIGA sues

5  in his individual capacity and seeks compensatory damages pursuant to his claim for

6  negligent infliction of emotional distress.

7      12.    At all relevant times, Defendant COUNTY OF SAN BERNARDINO

8  ("COUNTY") is and was a municipal corporation existing under the laws of the

9  State of California.  COUNTY is a chartered subdivision of the State of California

10  with the capacity to be sued.  COUNTY is responsible for the actions, omissions,

11  policies, procedures, practices, and customs of its various agents and agencies,

12  including the San Bernardino County Sheriff's Department and its agents and

13  employees.  At all relevant times, Defendant COUNTY was responsible for assuring

14  that the actions, omissions, policies, procedures, practices, and customs of the San

15  Bernardino County Sheriff's Department and its employees and agents complied

16  with the laws of the United States and of the State of California.  At all relevant

17  times, COUNTY was the employer of Defendants DOES 1-10.

18      13.    Defendants DOES 1-5 ("DOE DEPUTIES") are deputy sheriffs

19  working for the San Bernardino County Sheriff's Department.  At all relevant times,

20  DOE DEPUTIES were acting under color of law within the course and scope of

21  their duties as sheriff's deputies for the San Bernardino County Sheriff's

22  Department.  DOE DEPUTIES were acting with the complete authority and

23  ratification of their principal, Defendant COUNTY.

24      14.    Defendants DOES 6-10 are managerial, supervisorial, and

25  policymaking employees of the San Bernardino County Sheriff's Department, who

26  were acting under color of law within the course and scope of their duties as

27  managerial, supervisorial, and policymaking employees for the San Bernardino

28

-3-
COMPLAINT FOR DAMAGES

1    County Sheriff's Department.  DOES 6-10 were acting with the complete authority

2    and ratification of their principal, Defendant COUNTY.

3        15.    On information and belief, DOES 1-10 were residents of the County of

4    San Bernardino.

5        16.    In doing the acts and failing and omitting to act as hereinafter

6    described, Defendants DOE DEPUTIES were acting on the implied and actual

7    permission and consent of Defendants DOES 6-10 and the COUNTY.

8        17.    In doing the acts and failing and omitting to act as hereinafter

9    described, Defendants DOES 1-10 were acting on the implied and actual permission

10   and consent of the COUNTY.

11       18.    The true names and capacities, whether individual, corporate,

12   association or otherwise of Defendants DOES 1-10, inclusive, are unknown to

13   Plaintiffs, who otherwise sue these Defendants by such fictitious names.  Plaintiffs

14   will seek leave to amend their complaint to show the true names and capacity of

15   these Defendants when they have been ascertained.  Each of the fictitiously-named

16   Defendants is responsible in some manner for the conduct or liabilities alleged

17   herein.

18       19.    At all times mentioned herein, each and every defendant was the agent

19   of each and every other defendant and had the legal duty to oversee and supervise

20   the hiring, conduct, and employment of each and every defendant.

21       20.    All of the acts complained of herein by Plaintiffs against Defendants

22   were done and performed by said Defendants by and through their authorized

23   agents, servants, and/or employees, all of whom at all relevant times herein were

24   acting within the course, purpose, and scope of said agency, service, and/or

25   employment capacity.  Moreover, Defendants and their agents ratified all of the acts

26   complained of herein.

27       21.    DOES 1-10 are sued in their individual capacity.

28

-4-

COMPLAINT FOR DAMAGES

22.     On or around December 4, 2018, Plaintiffs filed comprehensive and timely claims for damages with the County of San Bernardino pursuant to applicable sections of the California Government Code.

23.     On January 28, 2019, the COUNTY rejected Plaintiffs' claims.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

24.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 23 of their Complaint with the same force and effect as if fully set forth herein.

25.     On July 22, 2018, at approximately 4:00 p.m. in Highland, California, Defendants DOE DEPUTIES stopped DECEDENT in his vehicle.  After DECEDENT exited the vechile and started to run away, DOE DEPUTIES deployed bean bag rounds and a Taser against DECEDENT and then fatally shot DECEDENT without justification, thereby using excessive force against him.  At the time of the shooting and other uses of force, DECEDENT did not pose an immediate threat of death or serious bodily injury to DOE DEPUTIES or to anyone else.  Moreover, at the time of the shooting and other uses of force against DECEDENT, DECEDENT was running away from DOE DEPUTIES.  At all relevant times, DECEDENT was not armed with a gun.  DECEDENT died at the scene.

26.     On information and belief, DECEDENT was mentally ill.

27.     On information and belief, DOE DEPUTIES did not issue DECEDENT a warning that deadly force would be used prior to shooting him.

28.     After being shot, DECEDENT was immobile, bleeding profusely, and in obvious and critical need of emergency medical care and treatment.  Defendants did not timely summon medical care or permit medical personnel to treat DECEDENT.  The delay of medical care to DECEDENT caused DECEDENT extreme physical and emotional pain and suffering, and was a contributing cause of DECEDENT's death.

29.    DECEDENT survived for a period of time after the shooting.  He was transported from the scene of the shooting to the hospital, where he died on the date of the shooting.

30.    The use of deadly force against DECEDENT was excessive and objectively unreasonable under the circumstances, especially because DECEDENT was not armed with a gun and did not pose an immediate threat of death or serious bodily injury to anyone at the time of the shooting.  Moreover, DOE DEPUTIES had less-than-lethal alternatives to shooting.

31.    Plaintiff V.R. is DECEDENT's successor in interest as defined in Section 377.11 of the California Code of Civil Procedure and succeeds to DECEDENT's interest in this action as the natural child of DECEDENT.

32.    Plaintiffs RAMONA TERRAZAS; ABRAHAM TERRAZAS; BLANCA ZUNIGA; DAVID ZUNIGA, SR.; DAVID ZUNIGA, JR.; and JOSE ZUNIGA witnessed the use of negligent and excessive force against their DECEDENT and had a contemporaneous awareness that their DECEDENT was being injured.  As a result of witnessing the use of excessive force against DECEDENT, as well as witnessing Defendants' negligent failure to summon or provide timely medical attention, Plaintiffs RAMONA TERRAZAS; ABRAHAM TERRAZAS; BLANCA ZUNIGA; DAVID ZUNIGA, SR.; DAVID ZUNIGA, JR.; and JOSE ZUNIGA suffered severe emotional distress.

33.    Plaintiffs were financially dependent on DECEDENT, to some extent, for the necessities of life.

34.    Plaintiffs incurred funeral and burial expenses as a result of the shooting.

# FIRST CLAIM FOR RELIEF

## Unreasonable Search and Seizure—Detention and Arrest (42 U.S.C. § 1983)

(By Plaintiff V.R. against Defendants DOE DEPUTIES)

35.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 34 of their Complaint with the same force and effect as if fully set forth herein.

36.     Defendants DOE DEPUTIES detained DECEDENT without reasonable suspicion and arrested him without probable cause.

37.     When DOE DEPUTIES used bean bag guns, Tasers, and a firearm againt DECEDENT, and then placed DECEDENT in handcuffs, they violated DECEDENT's right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

38.     The conduct of Defendants DOE DEPUTIES was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to Defendants DOE DEPUTIES.

39.     As a result of their misconduct, Defendants DOE DEPUTIES are liable for DECEDENT's and Plaintiffs' injuries, either because they were integral participants in the wrongful detention and arrest, or because they failed to intervene to prevent these violations.

40.     Plaintiff V.R. brings this claim as successor in interest to DECEDENT, and seeks both survival and wrongful death damages for the violation of DECEDENT's rights.  Plaintiffs further seek attorney's fees and costs under this claim.

**SECOND CLAIM FOR RELIEF**

**Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983)**

(By Plaintiff V.R. against Defendants DOE DEPUTIES)

41.    Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 40 of their Complaint with the same force and effect as if fully set forth herein.

42.    On July 22, 2018, at approximately 4:00 p.m. in Highland, California, Defendants DOE DEPUTIES stopped DECEDENT in his vehicle.  After DECEDENT exited the vehicle and started to run away, DOE DEPUTIES deployed bean bag rounds and a Taser against DECEDENT and then shot DECEDENT without justification, thereby using excessive force against him.  At all relevant times, DECEDENT was not armed with a gun.  On information and belief, DECEDENT was mentally ill. Moreover, at the time of the shooting and other uses of force against DECEDENT, DECEDENT was running away from DOE DEPUTIES.

43.    Defendants DOE DEPUTIES' unjustified shooting and other uses of force against DECEDENT deprived DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to him under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

44.    The shooting and other uses of force was excessive and unreasonable, particularly because DECEDENT posed no immediate threat of death or serious bodily injury at the time of the shooting and other uses of force.  Moreover, on information and belief, DOE DEPUTIES failed to give a warning that deadly force would be used prior to shooting. DOE DEPUTIES also had less-lethal alternatives to shooting. Further, DOE DEPUTIES' shooting and other uses of force violated their training and standard police officer training.

45.     As a result of the foregoing, DECEDENT suffered great physical pain and emotional distress up to the time of his death at the hospital after the shooting, loss of enjoyment of life, loss of life, and loss of earning capacity.

46.     The conduct of Defendants DOE DEPUTIES was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT, and therefore warrants the imposition of exemplary and punitive damages as to Defendants DOE DEPUTIES.

47.     Plaintiff V.R. brings this claim as successor in interest to DECEDENT, and seeks both survival and wrongful death damages for the violation of DECEDENT's rights. Plaintiffs further seek attorney's fees and costs under this claim.

### THIRD CLAIM FOR RELIEF

**Unreasonable Search and Seizure—Denial of Medical Care (42 U.S.C. § 1983)**

(By Plaintiff V.R. against Defendants DOE DEPUTIES)

48.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 47 of their Complaint with the same force and effect as if fully set forth herein.

49.      After being Tased and shot with both a bean bag gun and a lethal firearm, DECEDENT was immobile, bleeding profusely, and in obvious and critical need of emergency medical care and treatment.  Defendants did not timely summon medical care or permit medical personnel to treat DECEDENT.  The delay of medical care to DECEDENT caused DECEDENT extreme physical and emotional pain and suffering, and was a contributing cause of DECEDENT's death.

50.     The denial of medical care by Defendants DOE DEPUTIES deprived DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to him under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

51.     As a result of the foregoing, DECEDENT suffered great physical pain and emotional distress up to the time of his death, loss of enjoyment of life, loss of life, and loss of earning capacity.

52.     Defendants DOE DEPUTIES knew that failure to provide timely medical treatment to DECEDENT could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need, causing DECEDENT great bodily harm and death.

53.     DECEDENT survived for a period of time after the Tasing, shooting, and other uses of force against him.  He was transported from the scene of the shooting to the hospital, where he died on the date of the shooting.

54.     The conduct of DOE DEPUTIES was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to Defendants DOE DEPUTIES.

55.     As a result of their misconduct, Defendants DOE DEPUTIES are liable for DECEDENT's injuries, either because they were integral participants in the wrongful detention and arrest, or because they failed to intervene to prevent these violations.

56.     Plaintiff  V.R. brings this claim as successor in interest to DECEDENT, and seeks both survival and wrongful death damages for the violation of DECEDENT's rights. Plaintiffs further seek attorney's fees and costs under this claim.

COMPLAINT FOR DAMAGES

**FOURTH CLAIM FOR RELIEF**

**Due Process—Interference with Familial Relationship (42 U.S.C. § 1983)**

(By all Plaintiffs against Defendants DOE DEPUTIES)

57.    Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 56 of their Complaint with the same force and effect as if fully set forth herein.

58.    Plaintiff V.R. had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive her of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in Plaintiff's familial relationship with her father, DECEDENT.

59.    Plaintiff RAMONA TERRAZAS had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive her of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in her familial relationship with her son, DECEDENT.

60.    Plaintiff ABRAHAM TERRAZAS had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in Plaintiff's familial relationship with his cousin, DECEDENT.

61.    Plaintiff BLANCA ZUNIGA had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive her of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in Plaintiff's familial relationship with her nephew, DECEDENT.

62.    Plaintiff DAVID ZUNIGA, SR. had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution

to be free from state actions that deprive him of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in Plaintiff's familial relationship with his nephew, DECEDENT.

63.    Plaintiff DAVID ZUNIGA, JR. had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in Plaintiff's familial relationship with his cousin, DECEDENT.

64.    Plaintiff JOSE ZUNIGA had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in Plaintiff's familial relationship with his cousin, DECEDENT.

65.    The aforementioned actions of DOE DEPUTIES, including Tasing DECEDENT, using a bean bag gun or guns against him, and then shooting him as he was running away, along with other undiscovered conduct, shock the conscience, in that they acted with deliberate indifference to the constitutional rights of DECEDENT and Plaintiffs, and with purpose to harm unrelated to any legitimate law enforcement objective.

66.    DOE DEPUTIES thus violated the substantive due process rights of Plaintiffs to be free from unwarranted interference with their familial relationship with DECEDENT, their father, son, nephew, and cousin.

67.    As a direct and proximate cause of the acts of DOE DEPUTIES, all Plaintiffs suffered emotional distress, mental anguish, and pain.  Plaintiffs have also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.

68.     The conduct of DOE DEPUTIES was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and Plaintiffs and therefore warrants the imposition of exemplary and punitive damages as to Defendants DOE DEPUTIES.

69.     Plaintiffs bring this claim in each case individually and seek wrongful death damages under this claim for the interference with Plaintiffs' familial relationship with DECEDENT. Plaintiffs also seek attorney's fees and costs under this claim.

### FIFTH CLAIM FOR RELIEF

### Municipal Liability – Ratification (42 U.S.C. § 1983)

(By Plaintiff V.R. against Defendants COUNTY and DOES 6-10)

70.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 69 of their Complaint with the same force and effect as if fully set forth herein.

71.     Defendants DOE DEPUTIES acted under color of law.

72.     The acts of Defendants DOE DEPUTIES, including Tasing DECEDENT, using a bean bag gun or guns against him, fatally shooting DECEDENT while he was running away, using other undiscovered force against him, and then denying DECEDENT prompt and necessary medical care, deprived DECEDENT and Plaintiffs of their particular rights under the United States Constitution.

73.     Upon information and belief, a final policymaker, acting under color of law, who had final policymaking authority concerning the acts of Defendants DOE DEPUTIES, ratified (or will ratify) Defendants DOE DEPUTIES' acts and the bases for them. Upon information and belief, the final policymaker knew of and specifically approved of (or will specifically approve of) Defendants DOE DEPUTIES' acts.

74.    Upon information and belief, a final policymaker has determined (or will determine) that the acts of Defendants DOE DEPUTIES were "within policy."

75.    On information and belief, Defendants DOE DEPUTIES were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with DECEDENT's death.

76.    By reason of the aforementioned acts and omissions, Plaintiffs have suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and past and future support of DECEDENT.  The aforementioned acts and omissions also caused DECEDENT's pain and suffering, loss of enjoyment of life, and death.

77.    Accordingly, Defendants COUNTY and DOES 6-10 each are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

78.    Plaintiff V.R. brings this claim as successor in interest to DECEDENT, and seeks both survival and wrongful death damages under this claim. Plaintiffs also seek attorney's fees and costs under this claim.


### SIXTH CLAIM FOR RELIEF

**Municipal Liability – Failure to Train (42 U.S.C. § 1983)**

(By Plaintiff V.R. against Defendants COUNTY and DOES 6-10)

79.    Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 78 of their Complaint with the same force and effect as if fully set forth herein.

80.    Defendants DOE DEPUTIES acted under color of law.

81.    The acts of Defendants DOE DEPUTIES, including Tasing DECEDENT, using a bean bag gun or guns against him, fatally shooting DECEDENT while he was running away, using other undiscovered force against him, failing to give a warning that deadly force would be used prior to shooting, failing to appropriately address a situation involving a mentally ill individual, failing

to use less-lethal alternatives rather than shooting, and then denying DECEDENT prompt and necessary medical care, deprived DECEDENT and Plaintiffs of their particular rights under the United States Constitution.

82.   The training policies of Defendant COUNTY were not adequate to train its deputies to handle the usual and recurring situations with which they must deal.  This includes training polices with respect to the use of the Taser, the use of bean bag guns, and the use of deadly force.

83.   Defendant COUNTY was deliberately indifferent to the obvious consequences of its failure to train its officers adequately.

84.   The failure of Defendant COUNTY to provide adequate training caused the deprivation of Plaintiffs' rights by Defendants DOE DEPUTIES; that is, the defendant's failure to train is so closely related to the deprivation of the Plaintiffs' rights as to be the moving force that caused the ultimate injury.

85.   By reason of the aforementioned acts and omissions, Plaintiffs have suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and past and future support of DECEDENT.  The aforementioned acts and omissions also caused DECEDENT's pain and suffering, loss of enjoyment of life, and death.

86.   Accordingly, Defendants COUNTY and DOES 6-10 each are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

87.   Plaintiff V.R. brings this claim as successor in interest to DECEDENT, and seeks both survival and wrongful death damages under this claim.  Plaintiffs also seek attorney's fees and costs under this claim.

## **SEVENTH CLAIM FOR RELIEF**

**Municipal Liability – Unconstitutional Custom or Policy (42 U.S.C. § 1983)**

(By Plaintiff V.R. against Defendants COUNTY and DOES 6-10)

88.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 87 of their Complaint with the same force and effect as if fully set forth herein.

89.     Defendants DOE DEPUTIES acted under color of law.

90.     When DOE DEPUTES Tased DECEDENT, used a bean bag gun or guns against him, fatally shot DECEDENT while he was running away, and then denied DECEDENT prompt and necessary medical care, Defendants DOE DEPUTIES acted pursuant to an expressly adopted official policy or a longstanding practice or custom of the Defendant COUNTY.

91.     On information and belief, Defendants DOE DEPUTIES were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with DECEDENT's death.

92.     Defendants DOE DEPUTIES, together with other COUNTY policymakers and supervisors, maintained, inter alia, the following unconstitutional customs, practices, and policies:

(a)     Using excessive force, including excessive deadly force and cumulative uses of less-than-lethal force, including of the Taser and bean bag gun(s);

(b)     Providing inadequate training regarding the use of deadly force, the use of the Taser, and the use of bean bag guns;

(c)     Employing and retaining as deputy sheriffs individuals such as Defendants DOE DEPUTIES, whom Defendant COUNTY at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for using excessive force;

(d)   Inadequately supervising, training, controlling, assigning, and disciplining COUNTY deputies and other personnel, including Defendants DOE DEPUTIES, whom Defendant COUNTY knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits, including a failure to train with respect to the Taser, lethal firearms, and bean bag guns;

(e)   Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling misconduct by COUNTY deputies;

(f)   Failing to adequately discipline COUNTY deputies for the above-referenced categories of misconduct, including "slaps on the wrist," discipline that is so slight as to be out of proportion to the magnitude of the misconduct, and other inadequate discipline that is tantamount to encouraging misconduct;

(g)   Announcing that unjustified shootings are "within policy," including shootings that were later determined in court to be unconstitutional;

(h)   Even where shootings are determined in court to be unconstitutional, refusing to discipline, terminate, or retrain the officers involved;

(i)   Encouraging, accommodating, or facilitating a "blue code of silence," "blue shield," "blue wall," "blue curtain," "blue veil," or simply "code of silence," pursuant to which police officers do not report other officers' errors, misconduct, or crimes. Pursuant to this code of silence, if questioned about an incident of misconduct involving another officer, while following the code,

the officer being questioned will claim ignorance of the other officers' wrongdoing; and

(j)  Maintaining a policy of inaction and an attitude of indifference towards soaring numbers of police shootings and other uses of force, including by failing to discipline, retrain, investigate, terminate, and recommend officers for criminal prosecution who participate in shootings of unarmed people.

93.  By reason of the aforementioned acts and omissions, Plaintiffs have suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and past and future support of DECEDENT.  The aforementioned acts and omissions also caused DECEDENT's pain and suffering, loss of enjoyment of life, and death.

94.  Defendants COUNTY and DOES 6-10, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above, these defendants condoned, tolerated and through actions and inactions thereby ratified such policies.  Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of DECEDENT, Plaintiffs, and other individuals similarly situated.

95.  By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, DOES 6-10 acted with intentional, reckless, and callous disregard for the life of DECEDENT and for DECEDENT's and Plaintiffs' constitutional rights. Furthermore, the policies, practices, and customs implemented, maintained, and still tolerated by Defendants COUNTY and DOES 6-10 were affirmatively linked to and were a significantly influential force behind the injuries of DECEDENT and Plaintiffs.

96.     Accordingly, Defendants COUNTY and DOES 6-10 each are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

97.     Plaintiff V.R. brings this claim individually and as successor in interest to DECEDENT, and seeks both survival and wrongful death damages under this claim. Plaintiffs also seek attorney's fees and costs under this claim.

## EIGHTH CLAIM FOR RELIEF

### False Arrest/False Imprisonment

(By Plaintiffs V.R. and RAMONA TERRAZAS against Defendants COUNTY and DOE DEPUTIES)

98.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 97 of their Complaint with the same force and effect as if fully set forth herein.

99.     Defendants DOE DEPUTIES, while working as deputy sheriffs for the San Bernardino County Sheriff's Department and acting within the course and scope of their duties, intentionally deprived DECEDENT of his freedom of movement by use of force, threats of force, menace, fraud, deceit, and unreasonable duress.  DOE DEPUTIES detained DECEDENT without reasonable suspicion and arrested him without probable cause.

100.    DECEDENT did not knowingly or voluntarily consent.

101.    Defendants DOE DEPUTIES detained DECEDENT for an appreciable amount of time.

102.    The conduct of DOE DEPUTIES was a substantial factor in causing the harm to DECEDENT.

103.    Defendant COUNTY is vicariously liable for the wrongful acts of Defendants DOE DEPUTIES pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries

caused by its employees within the scope of the employment if the employee's act would subject her or her to liability.

104.   The conduct of DOE DEPUTIES was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of DECEDENT, entitling Plaintiffs to an award of exemplary and punitive damages.

105.   As a result of their misconduct, Defendants OE DEPUTIES are liable for DECEDENT's injuries, either because they were integral participants in the wrongful detention and arrest, or because they failed to intervene to prevent these violations.

106.   Plaintiff V.R. brings this claim as successor in interest to DECEDENT, and seeks wrongful death damages and survival damages under this claim.  Plaintiff RAMONA TERRAZAS brings this claim in her individual capacity and seeks wrongful death damages under this claim.  Plaintiffs also seek attorney's fees and costs under this claim.

## NINTH CLAIM FOR RELIEF

**Battery** (wrongful death)

(By Plaintiffs V.R. and RAMONA TERRAZAS against Defendants DOE DEPUTIES and COUNTY)

107.   Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 106 of their Complaint with the same force and effect as if fully set forth herein.

108.   DOE DEPUTIES, while working as deputy sheriffs for the San Bernardino County Sheriff's Department and acting within the course and scope of their duties, intentionally used a bean bag gun or guns against DECEDENT, Tased DECEDENT, and then fatally shot him as he was running away, thereby using unreasonable and excessive force against him.  As a result of the actions of DOE DEPUTIES, DECEDENT ultimately died from his injuries.  DOE DEPUTIES had

no legal justification for using force against DECEDENT, and their use of force while carrying out their duties as deputy sheriffs was an unreasonable and non-privileged use of force.

109.   At all relevant times, DECEDENT was not armed with a gun.  The shooting was unreasonable, particularly because DECEDENT posed no immediate threat of death or serious bodily injury at the time of the shooting and other uses of force against him.

110.   As a direct and proximate result of the conduct of DOE DEPUTIES as alleged above, DECEDENT sustained injuries, died from his injuries and also lost his earning capacity.  As a direct and proximate result of the conduct of DOE DEPUTIES as alleged above, DECEDENT suffered survival damages pursuant to Code of Civil Procedure Section 377.34, including during the time that he survived after the shooting before dying at the hospital on the date of the shooting.

111.   The COUNTY is vicariously liable for the wrongful acts of DOE DEPUTIES pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

112.   The conduct of DOE DEPUTIES was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiffs and DECEDENT, entitling Plaintiffs, individually and as the successor in interest to DECEDENT, to an award of exemplary and punitive damages as to Defendants DOE DEPUTIES.

113.   Plaintiff V.R. brings this claim as successor in interest to DECEDENT, and seeks survival damages and wrongful death damages under this claim.  Plaintiff RAMONA TERRAZAS brings this claim in her individual capacity and seeks wrongful death damages under this claim. Plaintiffs also seek attorney's fees and costs under this claim.

# **TENTH CLAIM FOR RELIEF**

**Negligence** (wrongful death)

(By Plaintiffs V.R. and RAMONA TERRAZAS against all Defendants)

114.    Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 113 of their Complaint with the same force and effect as if fully set forth herein.

115.    Deputy Sheriffs, including Defendants DOE DEPUTIES, have a duty to use reasonable care to prevent harm or injury to others. This duty includes using appropriate tactics, giving appropriate commands, giving warnings, and not using any force unless necessary, using less than lethal options, and only using deadly force as a last resort.

116.    Defendants DOE DEPUTIES breached this duty of care.  The actions and inactions of Defendants DOE DEPUTIES were negligent and reckless, including but not limited to:

(a)    the failure to properly and adequately assess the need to detain, arrest, and use force and deadly force against DECEDENT, including using Taser(s), bean bag gun(s) and a lethal firearm against DECEDENT;

(b)    the negligent tactics and handling of the situation with DECEDENT, including pre-shooting negligence and the failure to properly handle a situation with a mentally ill individual;

(c)    the negligent detention, arrest, and use of force, including deadly force, against DECEDENT;

(d)    the failure to provide prompt medical care to DECEDENT;

(e)    the failure to properly train and supervise employees, both professional and non-professional, including DOE DEPUTIES;

(f)     the failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of DECEDENT; and

(g)     the negligent communication of information during the incident.

117.    As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, DECEDENT was caused to suffer severe pain and suffering and ultimately died. Also as a direct and proximate result of Defendants' conduct as alleged above, Plaintiffs have suffered emotional distress and mental anguish. Plaintiffs also have been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.

118.    The COUNTY is vicariously liable for the wrongful acts of Defendants DOES 1-10 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject her or her to liability.

119.    Plaintiff V.R. brings this claim as successor in interest to DECEDENT, and seeks wrongful death and survival damages under this claim. Plaintiff RAMONA TERRAZAS brings this claim individually and seeks wrongful death damages under this claim. Plaintiffs also seek attorney's fees and costs under this claim.

## ELEVENTH CLAIM FOR RELIEF

### (Violation of Cal. Civil Code § 52.1)

(By Plaintiffs V.R. and RAMONA TERRAZAS against all Defendants)

120.    Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 119 of their Complaint with the same force and effect as if fully set forth herein.

121.   California Civil Code, Section 52.1 (the Bane Act), prohibits any person from using violent acts or threatening to commit violent acts in retaliation against another person for exercising that person's constitutional rights.

122.   On information and belief, Defendants DOE DEPUTIES, while working for the COUNTY and acting within the course and scope of their duties, intentionally committed and attempted to commit acts of violence against DECEDENT, including by Tasing DECEDENT, shooting him with a bean bag gun or guns, fatally shooting him with a firearm without justification or excuse, handcuffing him, integrally participating and failing to intervene in the above violence, and denying him necessary medical care.

123.   When Defendants DOE DEPUTIES used Tasers and bean bag guns against DECEDENT, fatally shot DECEDENT with a firearm as he was running away, handcuffed him, and allowed him to lie bleeding on the pavement, they interfered with his civil rights to be free from unreasonable searches and seizures, to due process, to equal protection of the laws, to medical care, to be free from state actions that shock the conscience, and to life, liberty, and property.

124.   On information and belief, Defendants intentionally committed the above acts to discourage DECEDENT from exercising his civil rights, to retaliate against him for invoking such rights, or to prevent him from exercising such rights, which he was fully entitled to enjoy.

125.   DOE DEPUTIES intended to interfere with DECEDENT's constitutional rights, did interfere with DECEDENT's constitutional rights, and also acted with reckless disregard for DECEDENT's constitutional rights.

126.   On information and belief, DECEDENT reasonably believed and understood that the violent acts committed by Defendants DOE DEPUTIES were intended to discourage him from exercising his constitutional rights, to retaliate against him for invoking such rights, or to prevent him from exercising such rights.

127.   Defendants successfully interfered with the constitutional rights of DECEDENT and Plaintiffs.

128.   The conduct of Defendants DOE DEPUTIES was a substantial factor in causing Plaintiffs' harms, losses, injuries, and damages.

129.   The COUNTY is vicariously liable for the wrongful acts of Defendants DOE DEPUTIES pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

130.   Defendants DOES 6-10 are vicariously liable under California law and the doctrine of *respondeat superior*.

131.   The conduct of Defendants was malicious, wanton, oppressive, and accomplished with a conscious disregard for DECEDENT's and Plaintiffs' rights, justifying an award of exemplary and punitive damages as to Defendants DOE DEPUTIES.

132.   Plaintiff V.R. brings this claim as successor in interest to DECEDENT, and seeks wrongful death and survival damages under this claim. Plaintiff RAMONA TERRAZAS brings this claim individually and seeks wrongful death damages under this claim.  Plaintiffs also seek attorney's fees and costs under this claim. Under the provisions of Cal. Civ. Code §52(b), Defendants are also liable for reasonable attorney's fees and a civil penalty of $25,000.00 on this calim.

COMPLAINT FOR DAMAGES

## TWELFTH CLAIM FOR RELIEF

### Negligence – Bystander

(By Plaintiffs RAMONA TERRAZAS; ABRAHAM TERRAZAS; BLANCA ZUNIGA; DAVID ZUNIGA, SR.; DAVID ZUNIGA, JR.; and JOSE ZUNIGA against Defendants COUNTY and DOE DEPUTIES)

133.   Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 132 of this Complaint with the same force and effect as if fully set forth herein.

134.   Defendants DOE DEPUTIES, while working as deputy sheriffs for the County of San Bernardino Sheriff's Department and while acting within the course and scope of their duties, negligently and carelessly inflicted severe emotional distress on Plaintiffs when they intentionally Tased DECEDENT, used bean bag guns against DECEDENT, shot DECEDENT with a firearm, and then failed to provide and/or summon timely medical attention in the presence of Plaintiffs RAMONA TERRAZAS; ABRAHAM TERRAZAS; BLANCA ZUNIGA; DAVID ZUNIGA, SR.; DAVID ZUNIGA, JR.; and JOSE ZUNIGA.

135.   Plaintiffs RAMONA TERRAZAS; ABRAHAM TERRAZAS; BLANCA ZUNIGA; DAVID ZUNIGA, SR.; DAVID ZUNIGA, JR.; and JOSE ZUNIGA were present at or near the scene of the incident of when the Tasing, lethal shooting and other uses of force against DECEDENT, including the use of the bean bag gun occurred. RAMONA TERRAZAS; ABRAHAM TERRAZAS; BLANCA ZUNIGA; DAVID ZUNIGA, SR.; DAVID ZUNIGA, JR.; and JOSE ZUNIGA were aware that DECEDENT was being injured at the time of the Tasing, bean bag gun deployment, lethal shooting and other uses of force against him.

136.   As a direct and proximate cause of Defendants' conduct, Plaintiffs RAMONA TERRAZAS; ABRAHAM TERRAZAS; BLANCA ZUNIGA; DAVID ZUNIGA, SR.; DAVID ZUNIGA, JR.; and JOSE ZUNIGA were caused to suffer

severe emotional distress, including but not limited to anxiety, anguish, humiliation, and other injuries to their nervous system.

137.   RAMONA TERRAZAS is DECEDENT's mother.

138.   ABRAHAM TERRAZAS, DAVID ZUNIGA, JR., and JOSE ZUNIGA are DECEDENT's cousins.

139.   BLANCA ZUNIGA is the aunt of DECEDENT.

140.   DAVID ZUNIGA, SR. is the uncle of DECEDENT.

141.   Plaintiffs RAMONA TERRAZAS; ABRAHAM TERRAZAS; BLANCA ZUNIGA; DAVID ZUNIGA, SR.; DAVID ZUNIGA, JR.; and JOSE ZUNIGA bring this claim in their individual capacities and seek compensatory damages for their severe emotional distress as a result of observing the negligent use of force and the negligent failure to summon and/or provide timely medical attention to DECEDENT.

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, Plaintiffs V.R., by and through her guardian *ad litem* Ariana Toscano; and RAMONA TERRAZAS; ABRAHAM TERRAZAS; BLANCA ZUNIGA; DAVID ZUNIGA, SR.; DAVID ZUNIGA, JR.; and JOSE ZUNIGA request entry of judgment in their favor and against Defendants County of San Bernardino and Does 1-10, inclusive, as follows:

        A.    For compensatory damages, including both survival damages and wrongful death damages under federal and state law, in the amount to be proven at trial;

        B.    For funeral and burial expenses, and loss of financial support;

        C.    For punitive damages against the individual defendants in an amount to be proven at trial;

        D.    For interest;

        E.    For reasonable attorneys' fees, including litigation expenses;

        F.    For costs of suit; and

        G.    For such further other relief as the Court may deem just, proper, and appropriate.

DATED: June 4, 2019            LAW OFFICES OF DALE K. GALIPO

                         /s/ Dale K. Galipo

                         Dale K. Galipo
                         *Attorneys for Plaintiffs*

COMPLAINT FOR DAMAGES

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury.

DATED: June 4, 2019

LAW OFFICES OF DALE K. GALIPO

/s/ Dale K. Galipo

Dale K. Galipo
*Attorneys for Plaintiffs*

COMPLAINT FOR DAMAGES