JOHN M. FUJII, SBN 172718
JFujii@SilverWrightLaw.com
ADRIANNA C. PAIGE, SBN 204902
APaige@SilverWrightLaw.com
SILVER & WRIGHT LLP
3 Corporate Park, Suite 100
Irvine, California 92606
Phone: 949-385-6431
Fax:   949-385-6428

Attorneys for Defendants
COUNTY OF SAN BERNARDINO; GARY
WHEELER; THUN HOUN; JASON
CALVERT

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| V.R., a minor, by and through her guardian *ad litem* Ariana Toscano, individually and as successor in interest to Juan Ramon Ramos, deceased; and RAMONA TERRAZAS; ABRAHAM TERRAZAS; BLANCA ZUNIGA; DAVID ZUNIGA, SR.; DAVID ZUNIGA, JR.; and JOSE ZUNIGA, in each case individually,<br><br>                    Plaintiff,<br><br>          v.<br><br>COUNTY OF SAN BERNARDINO; GARY WHEELER; THUN HOUN; JASON CALVERT; and DOES 4-10, inclusive,<br><br>                    Defendants. | Case No.:  5:19-cv-01023-JGB-SP<br>Judge:  Jesus G. Bernal<br>Mag. Judge:  Sheri Pym<br><br>**DEFENDANTS' ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL** |

SILVER & WRIGHT LLP
IRVINE | INLAND EMPIRE | BAY AREA | SACRAMENTO

# DEFENDANTS' ANSWER
# TO PLAINTIFFS' THIRD AMENDED COMPLAINT FOR DAMAGES

COME NOW Defendants COUNTY OF SAN BERNARDINO ("County"), GARY WHEELER ("Wheeler"), THUN HOUN ("Houn"), and JASON CALVERT ("Calvert") (collectively referred to herein as "Defendants") and hereby answer the Third Amended Complaint ("TAC") filed by Plaintiffs V.R., a minor, by and through her guardian *ad litem* Ariana Toscano, individually and as successor in interest to Juan Ramon Ramos ("Decedent"), deceased and, RAMONA TERRAZAS individually (collectively referred to herein as "Plaintiffs"), as follows:

## JURISDICTION AND VENUE

1. Paragraph 1 contains statements and conclusions of law to which no response is required, and, on that basis, Defendants deny each and every allegation in Paragraph 1.

2. Paragraph 2 contains statements and conclusions of law to which no response is required, and, on that basis, Defendants deny each and every allegation in Paragraph 2.

## INTRODUCTION

3. Defendants admit that on July 22, 2018 there was a deputy-involved shooting involving Decedent. The remainder of Paragraph 3 contains statements and conclusions of law to which no response is required, and, on that basis, Defendants denies each and every allegation in Paragraph 3, except those expressly admitted.

## PARTIES

4. Defendants lack sufficient information or belief to admit or deny the allegations in Paragraph 4, and, on that basis, Defendants deny each and every allegation in Paragraph 4.

5. Defendants lack sufficient information or belief to admit or deny the allegations in Paragraph 5, and, on that basis, Defendants deny each and every allegation in Paragraph 5. In addition, Paragraph 5 contains statements and conclusions of law to which no response is required, and, on that basis, Defendants deny each and every

SILVER & WRIGHT LLP
IRVINE  INLAND EMPIRE/BAY AREA  SACRAMENTO

allegation in Paragraph 5.

6. Defendants lack sufficient information or belief to admit or deny the allegations in Paragraph 6, and, on that basis, Defendants deny each and every allegation in Paragraph 6. In addition, Paragraph 6 contains statements and conclusions of law to which no response is required, and, on that basis, Defendants deny each and every allegation in Paragraph 6.

7. Defendants admit that Defendant County is and was a public entity existing under the laws of the State of California. Defendants further admit that Defendant County employs deputy sheriffs for the County's Sheriff's Department. The remainder of Paragraph 7 contains statements and conclusions of law to which no response is required, and, on that basis, Defendants deny each and every allegation in Paragraph 7, except those expressly admitted.

8. Defendants admit that currently, and at all relevant times, Defendant Wheeler is and was a Sergeant with the County's Sheriff's Department employed by Defendant County. The remainder of Paragraph 8 contains statements and conclusions of law to which no response is required, and, on that basis, Defendants deny each and every allegation in Paragraph 8, except those expressly admitted.

9. Defendants admit that currently, and at all relevant times, Defendant Calvert is and was a Sergeant with the County's Sheriff's Department, employed by Defendant County. The remainder of Paragraph 9 contains statements and conclusions of law to which no response is required, and, on that basis, Defendants deny each and every allegation in Paragraph 9, except those expressly admitted.

10. Defendants admit that currently, and at all relevant times, Defendant Houn is and was a Deputy with the County's Sheriff's Department, employed by Defendant County. The remainder of Paragraph 10 contains statements and conclusions of law to which no response is required, and, on that basis, Defendants deny each and every allegation in Paragraph 10, except those expressly admitted.

///

11.  Defendants assert that pleading claims against Doe defendants in federal court serves no purpose and is disfavored.  (*Nichols v. Smart Document Solutions LLC*, 2008 WL 11339982, at *2 (C.D. Cal. July 7, 2008).)  In addition, Defendants lack sufficient information or belief to admit or deny the allegations in Paragraph 11.  Based on this lack of information or belief, Defendants deny each and every allegation in Paragraph 11.  In addition, Paragraph 11 contains statements and conclusions of law to which no response is required, and, on that basis, Defendants deny each and every allegation in Paragraph 11.

12.  Defendants assert that pleading claims against Doe defendants in federal court serves no purpose and is disfavored.  (*Nichols v. Smart Document Solutions LLC*, 2008 WL 11339982, at *2 (C.D. Cal. July 7, 2008).)  Defendants lack sufficient information or belief to admit or deny the allegations in Paragraph 12.  Based on this lack of information or belief, Defendants deny each and every allegation in Paragraph 12.  In addition, Paragraph 12 contains statements and conclusions of law to which no response is required, and, on that basis, Defendants deny each and every allegation in Paragraph 12.

13.  Defendants lack sufficient information or belief to admit or deny the allegations in Paragraph 13.  Based on this lack of information or belief, Defendants deny each and every allegation in Paragraph 13.

14.  Defendants lack sufficient information or belief to admit or deny the allegations in Paragraph 14.  Based on this lack of information or belief, Defendants deny each and every allegation in Paragraph 14.  In addition, Paragraph 14 contains statements and conclusions of law to which no response is required, and, on that basis, Defendants deny each and every allegation in Paragraph 14.

15.  Defendants lack sufficient information or belief to admit or deny the allegations in Paragraph 15.  Based on this lack of information or belief, Defendants deny each and every allegation in Paragraph 15.  In addition, Paragraph 15 contains statements and conclusions of law to which no response is required, and, on that basis, Defendants

SILVER & WRIGHT LLP
IRVINE  INLAND EMPIRE  BAY AREA  SACRAMENTO

deny each and every allegation in Paragraph 15.

16. Defendants lack sufficient information or belief to admit or deny the allegations in Paragraph 16. Based on this lack of information or belief, Defendants deny each and every allegation in Paragraph 16. In addition, Paragraph 16 contains statements and conclusions of law to which no response is required, and, on that basis, Defendants deny each and every allegation in Paragraph 16.

17. Defendants lack sufficient information or belief to admit or deny the allegations in Paragraph 17, and, on that basis, Defendants deny each and every allegation in Paragraph 17. In addition, Paragraph 17 contains statements and conclusions of law to which no response is required, and, on that basis, Defendants deny each and every allegation in Paragraph 17.

18. Defendants lack sufficient information or belief to admit or deny the allegations in Paragraph 18, and, on that basis, Defendants deny each and every allegation in Paragraph 18. In addition, Paragraph 18 contains statements and conclusions of law to which no response is required, and, on that basis, Defendants deny each and every allegation in Paragraph 18.

19. Paragraph 19 contains statements and conclusions of law to which no response is required, and, on that basis, Defendants deny each and every allegation in Paragraph 19.

20. Defendants admit that on or about December 4, 2018, Defendant County received a claim for damages from Plaintiffs' attorneys. The remainder of Paragraph 20 contains statements and conclusions of law to which no response is required, and, on that basis, Defendants deny each and every remaining allegation in Paragraph 20.

21. Defendants admit that on or about January 28, 2019, Defendant County sent Plaintiffs' attorneys a Notice of Rejection of the claim for damages received from Plaintiffs' attorneys.

///

///

SILVER & WRIGHT LLP
IRVINE INLAND EMPIRE BAY AREA SACRAMENTO

## FACTS COMMON TO ALL CLAIMS

22.   Answering Paragraph 22, Defendants repeat and reallege their answers to Paragraphs 1 through 21, as though set forth fully herein.

23.   Defendants admit that, on July 22, 2018, in a gas station parking lot, Defendant Wheeler approached on foot a vehicle being driven by Decedent, who was the only occupant of the vehicle.  Defendants further admit that Decedent was in possession of a box cutter.  Regarding the remainder of this Paragraph, Defendants deny each and every allegation in Paragraph 23, except those expressly admitted.

24.   Defendants admit that Decedent fled the scene of the gas station, and, after a pursuit, stopped his vehicle at another location remaining in the vehicle.  Regarding the remainder of this Paragraph, Defendants deny each and every allegation in Paragraph 24, except those expressly admitted.

25.   Defendants aver that Decedent refused repeated commands to come out of his vehicle without the deadly weapon, and, after a reasonable amount of time, Defendants admit that Defendant Wheeler struck the passenger side window of Decedent's vehicle breaking the window.  Defendants further admit that Decedent drove the vehicle forward. Defendants further admit that Decedent exited the vehicle with a deadly weapon in hand. Regarding the remainder of this Paragraph, Defendants deny each and every allegation in Paragraph 25, except those expressly admitted.

26.   Defendants aver that Decedent was armed with a deadly weapon throughout this incident and refused repeated commands to drop it.  Defendants admit that Defendant Houn fired three less lethal rounds and Defendant Calvert deployed his taser during the interaction with Decedent after he exited his vehicle with the deadly weapon in hand. Regarding the remainder of this Paragraph, Defendants deny each and every allegation in Paragraph 26, except those expressly admitted.  In addition, Paragraph 26 contains statements and conclusions of law to which no response is required, and, on that basis, Defendants deny each and every allegation of Paragraph 26, except those expressly admitted.

SILVER & WRIGHT LLP
IRVINE  INLAND EMPIRE  BAY AREA  SACRAMENTO

27.     Defendants aver that Decedent was armed with a deadly weapon throughout this incident and refused repeated commands to drop it.  Defendants admit that Decedent entered the vehicle again.  Defendants further admit that Decedent then exited the vehicle and ran from the scene and towards others with a deadly weapon in his hand posing an immediate threat of death or serious bodily injury to others, and, Defendant Wheeler was therefore justified in firing his weapon once at Decedent.  Regarding the remainder of this Paragraph, Defendants deny each and every allegation of Paragraph 27, except those expressly admitted.  In addition, Paragraph 27 contains statements and conclusions of law to which no response is required, and, on that basis, Defendants deny each and every allegation of Paragraph 27, except those expressly admitted.

28.     Defendants aver that Decedent was armed with a deadly weapon throughout this incident and refused repeated commands to drop it.  Defendants further aver that Defendant Calvert did not know that Decedent had been struck by the bullet fired by Defendant Wheeler when Defendant Calvert deployed his taser for the second time as Decedent was running towards others with a deadly weapon still in this hand.  On that basis, Defendants deny each and every allegation in Paragraph 28.

29.     Defendants aver that Decedent was armed with a deadly weapon throughout this incident and refused repeated commands to drop it.  On that basis, Defendants deny each and every allegation in Paragraph 29.  In addition, Paragraph 29 contains statements and conclusions of law to which no response is required, and, on that basis, Defendants deny each and every allegation in Paragraph 29.

30.     Defendants lack sufficient information or belief to admit or deny the allegations in Paragraph 30, and, on that basis, Defendants deny each and every allegation in Paragraph 30.

31.     Defendants deny each and every allegation in the second and third sentence of Paragraph 31.  Regarding the remainder of this Paragraph, Defendants lack sufficient information or belief to admit or deny the allegations in Paragraph 31, and, on that basis, Defendants deny each and every allegation in Paragraph 31.

32.     Defendants admit that Decedent was transported from the scene to the hospital and that Decedent died on the day of the shooting.  Regarding the remainder of this Paragraph, Defendants lack sufficient information or belief to admit or deny the allegations in Paragraph 32, and, on that basis, Defendants deny each and every allegation in Paragraph 32, except those expressly admitted.

33.     Defendants lack sufficient information or belief to admit or deny the allegations in Paragraph 33, and, on that basis, Defendants deny each and every allegation in Paragraph 33.  In addition, Paragraph 33 contains statements and conclusions of law to which no response is required, and, on that basis, Defendants deny each and every allegation in Paragraph 33.

34.     Defendants lack sufficient information or belief to admit or deny the allegations in Paragraph 34, and, on that basis, Defendants deny each and every allegation in Paragraph 34.

35.     Defendants lack sufficient information or belief to admit or deny the allegations in Paragraph 35, and, on that basis, Defendants deny each and every allegation in Paragraph 35.

## FIRST CLAIM FOR RELIEF

### Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983)

(By Plaintiffs V.R. against Defendants WHEELER, CALVERT, and HOUN)

36.     Answering Paragraph 36, Defendants repeat and reallege their answers to Paragraphs 1 through 35, as though set forth fully herein.

37.     Defendants admit that, on July 22, 2018, in a gas station parking lot, Defendant Wheeler approached on foot a vehicle being driven by Decedent, who was the only occupant of the vehicle.  Defendants further admit that Decedent was in possession of a box cutter.  Regarding the remainder of this Paragraph, Defendants deny each and every allegation in Paragraph 37, except those expressly admitted.

38.     Defendants admit that Decedent fled the scene of the gas station, and, after a pursuit, stopped his vehicle at another location remaining in the vehicle.  Regarding the

SILVER & WRIGHT LLP
IRVINE INLAND EMPIRE BAY AREA SACRAMENTO

remainder of this Paragraph, Defendants deny each and every allegation in Paragraph 38 except those expressly admitted.

39.     Defendants aver that Decedent refused repeated commands to come out of his vehicle without the deadly weapon, and, after a reasonable amount of time, Defendants admit that Defendant Wheeler struck the passenger side window of Decedent's vehicle breaking the window.  Defendants further admit that Decedent drove the vehicle forward. Defendants further admit that Decedent exited the vehicle with a deadly weapon in hand. Regarding the remainder of this Paragraph, Defendants deny each and every allegation in Paragraph 39, except those expressly admitted.

40.     Defendants aver that Decedent was armed with a deadly weapon throughout this incident and refused repeated commands to drop it.  Defendants admit that Defendant Houn fired three less lethal rounds and Defendant Calvert deployed his taser during the interaction with Decedent after he exited his vehicle with the deadly weapon in hand. Regarding the remainder of this Paragraph, Defendants deny each and every allegation in Paragraph 40, except those expressly admitted.  In addition, Paragraph 40 contains statements and conclusions of law to which no response is required, and, on that basis, Defendants deny each and every allegation of Paragraph 40, except those expressly admitted.

41.     Defendants aver that Decedent was armed with a deadly weapon throughout this incident and refused repeated commands to drop it.  Defendants admit that Decedent entered the vehicle again.  Defendants further admit that Decedent then exited the vehicle and ran from the scene and towards others with a deadly weapon in his hand posing an immediate threat of death or serious bodily injury to others, and, Defendant Wheeler was therefore justified in firing his weapon once at Decedent.  Regarding the remainder of this Paragraph, Defendants deny each and every allegation of Paragraph 41, except those expressly admitted.  In addition, Paragraph 41 contains statements and conclusions of law to which no response is required, and, on that basis, Defendants deny each and every allegation of Paragraph 41, except those expressly admitted.

42.    Defendants aver that Decedent was armed with a deadly weapon throughout this incident and refused repeated commands to drop it.  Defendants further aver that Defendant Calvert did not know that Decedent had been struck by the bullet fired by Defendant Wheeler when Defendant Calvert deployed his taser for the second time as Decedent was running towards others with a deadly weapon still in this hand.  On that basis, Defendants deny each and every allegation in Paragraph 42.

43.    Defendants aver that Decedent was armed with a deadly weapon throughout this incident and refused repeated commands to drop it.  On that basis, Defendants deny each and every allegation in Paragraph 43.  In addition, Paragraph 43 contains statements and conclusions of law to which no response is required, and, on that basis, Defendants deny each and every allegation in Paragraph 43.

44.    Defendants deny each and every allegation in Paragraph 44.  In addition, Paragraph 44 contains statements and conclusions of law to which no response is required, and, on that basis, Defendants deny each and every allegation in Paragraph 44.

45.    Defendants deny each and every allegation in Paragraph 45.  In addition, Paragraph 45 contains statements and conclusions of law to which no response is required, and, on that basis, Defendants deny each and every allegation in Paragraph 45.

46.    Defendants lack sufficient information or belief to admit or deny the allegations in Paragraph 46, and, on that basis, Defendants deny each and every allegation in Paragraph 46.  In addition, Paragraph 46 contains statements and conclusions of law to which no response is required, and, on that basis, Defendants deny each and every allegation in Paragraph 46.

47.    Defendants deny each and every allegation in Paragraph 47.  In addition, Paragraph 47 contains statements and conclusions of law to which no response is required, and, on that basis, Defendants deny each and every allegation in Paragraph 47.

48.    Defendants lack sufficient information or belief to admit or deny the allegations in Paragraph 48, and, on that basis, Defendants deny each and every allegation in Paragraph 48.  In addition, Paragraph 48 contains statements and conclusions of law to

SILVER & WRIGHT LLP
IRVINE  INLAND EMPIRE  BAY AREA  SACRAMENTO

which no response is required, and, on that basis, Defendants deny each and every allegation in Paragraph 48.

## SECOND CLAIM FOR RELIEF

**Unreasonable Search and Seizure—Denial of Medical Care (42 U.S.C. § 1983)**

(By Plaintiffs V.R. against Defendants CALVERT, WHEELER, and HOUN)

49.    Answering Paragraph 49, Defendants repeat and reallege their answers to Paragraphs 1 through 48, as though set forth fully herein.

50.    Defendants deny each and every allegation in the second and third sentences of Paragraph 50.  Regarding the remainder of this Paragraph, Defendants lack sufficient information or belief to admit or deny the allegations in Paragraph 50, and, on that basis, Defendants deny each and every allegation in Paragraph 50.

51.    Defendants deny each and every allegation in Paragraph 51.  In addition, Paragraph 51 contains statements and conclusions of law to which no response is required, and, on that basis, Defendants deny each and every allegation in Paragraph 51.

52.    Defendants lack sufficient information or belief to admit or deny the allegations in Paragraph 52, and, on that basis, Defendants deny each and every allegation in Paragraph 52.  In addition, Paragraph 52 contains statements and conclusions of law to which no response is required, and, on that basis, Defendants deny each and every allegation in Paragraph 52.

53.    Defendants deny each and every allegation in Paragraph 53.  In addition, Paragraph 53 contains statements and conclusions of law to which no response is required, and, on that basis, Defendants deny each and every allegation in Paragraph 53.

54.    Defendants admit that Decedent was transported from the scene to the hospital and that Decedent died on the day of the shooting.  Regarding the remainder of this Paragraph, Defendants lack sufficient information or belief to admit or deny the allegations in Paragraph 54, and, on that basis, Defendants deny each and every allegation in Paragraph 54, except those expressly admitted.

///

SILVER & WRIGHT LLP
IRVINE  INLAND EMPIRE  BAY AREA  SACRAMENTO

55.     Defendants deny each and every allegation in Paragraph 55.  In addition, Paragraph 55 contains statements and conclusions of law to which no response is required, and, on that basis, Defendants deny each and every allegation in Paragraph 55.

56.     Defendants deny each and every allegation in Paragraph 56.  In addition, Paragraph 56 contains statements and conclusions of law to which no response is required, and, on that basis, Defendants deny each and every allegation in Paragraph 56.

57.     Defendants lack sufficient information or belief to admit or deny the allegations in Paragraph 57, and, on that basis, Defendants deny each and every allegation in Paragraph 57.  In addition, Paragraph 57 contains statements and conclusions of law to which no response is required, and, on that basis, Defendants deny each and every allegation in Paragraph 57.

## THIRD CLAIM FOR RELIEF

### Due Process—Interference with Familial Relationship (42 U.S.C. § 1983)

(By Plaintiffs V.R. and RAMONA TERRAZAS against Defendants CALVERT, WHEELER, and HOUN)

58.     Answering Paragraph 58, Defendants repeat and reallege its answers to Paragraphs 1 through 57, as though set forth fully herein.

59.     Paragraph 59 contains statements and conclusions of law to which no response is required, and, on that basis, Defendants deny each and every allegation in Paragraph 59.

60.     Paragraph 60 contains statements and conclusions of law to which no response is required, and, on that basis, Defendants deny each and every allegation in Paragraph 60.

61.     Defendants deny each and every allegation in Paragraph 61.  In addition, Paragraph 61 contains statements and conclusions of law to which no response is required, and, on that basis, Defendants deny each and every allegation in Paragraph 61.

62.     Defendants deny each and every allegation in Paragraph 62.  In addition, Paragraph 62 contains statements and conclusions of law to which no response is required,

SILVER & WRIGHT LLP
IRVINE  INLAND EMPIRE  BAY AREA  SACRAMENTO

and, on that basis, Defendants deny each and every allegation in Paragraph 62.

63.    Defendants lack sufficient information or belief to admit or deny the allegations in Paragraph 63, and, on that basis, Defendants deny each and every allegation in Paragraph 63.  In addition, Paragraph 63 contains statements and conclusions of law to which no response is required, and, on that basis, Defendants deny each and every allegation in Paragraph 63.

64.    Defendants deny each and every allegation in Paragraph 64.  In addition, Paragraph 64 contains statements and conclusions of law to which no response is required, and, on that basis, Defendants deny each and every allegation in Paragraph 64.

65.    Defendants lack sufficient information or belief to admit or deny the allegations in Paragraph 65, and, on that basis, Defendants deny each and every allegation in Paragraph 65.  In addition, Paragraph 65 contains statements and conclusions of law to which no response is required, and, on that basis, Defendants deny each and every allegation in Paragraph 65.

## FOURTH CLAIM FOR RELIEF

### Municipal Liability—Failure to Train (42 U.S.C. § 1983)

(By Plaintiff V.R. against Defendants COUNTY and DOES 6–10)

66.    Answering Paragraph 66, Defendants repeat and reallege its answers to Paragraphs 1 through 65, as though set forth fully herein.

67.    Paragraph 67 contains statements and conclusions of law to which no response is required, and, on that basis, Defendants deny each and every allegation in Paragraph 67.

68.    Defendants deny each and every allegation in Paragraph 68.  In addition, Paragraph 68 contains statements and conclusions of law to which no response is required, and, on that basis, Defendants deny each and every allegation in Paragraph 68.

69.    Defendants deny each and every allegation in Paragraph 69.

70.    Defendants deny each and every allegation in Paragraph 70.  In addition, Paragraph 70 contains statements and conclusions of law to which no response is required,

and, on that basis, Defendants deny each and every allegation in Paragraph 70.

71.     Defendants deny each and every allegation in Paragraph 71.  In addition, Paragraph 71 contains statements and conclusions of law to which no response is required, and, on that basis, Defendants deny each and every allegation in Paragraph 71.

72.     Defendants aver that the other lawsuits speak for themselves.  Defendants lack sufficient information or belief to admit or deny the allegations in Paragraph 72 regarding these other lawsuits, and, on that basis, Defendants deny each and every allegation in Paragraph 72 regarding these other lawsuits.  Further, Defendants deny each and every allegation in Paragraph 72 regarding this lawsuit.  In addition, Paragraph 72 contains statements and conclusions of law to which no response is required, and, on that basis, Defendants deny each and every allegation in Paragraph 72.

73.     Defendants lack sufficient information or belief to admit or deny the allegations in Paragraph 73, and, on that basis, Defendants deny each and every allegation in Paragraph 73.  In addition, Paragraph 73 contains statements and conclusions of law to which no response is required, and, on that basis, Defendants deny each and every allegation in Paragraph 73.

74.     Defendants deny each and every allegation in Paragraph 74.  In addition, Paragraph 74 contains statements and conclusions of law to which no response is required, and, on that basis, Defendants deny each and every allegation in Paragraph 74.

75.     Defendants lack sufficient information or belief to admit or deny the allegations in Paragraph 75, and, on that basis, Defendants deny each and every allegation in Paragraph 75.  In addition, Paragraph 75 contains statements and conclusions of law to which no response is required, and, on that basis, Defendants deny each and every allegation in Paragraph 75.

## FIFTH CLAIM FOR RELIEF

### Municipal Liability—Unconstitutional Custom or Policy (42 U.S.C. § 1983)

(By Plaintiff V.R. against Defendants COUNTY and DOES 6–10)

76.     Answering Paragraph 76, Defendants repeat and reallege their answers to

SILVER & WRIGHT LLP
IRVINE  INLAND EMPIRE  BAY AREA  SACRAMENTO

Paragraphs 1 through 75, as though set forth fully herein.

77.   Paragraph 77 contains statements and conclusions of law to which no response is required, and, on that basis, Defendants deny each and every allegation in Paragraph 77.

78.   Defendants deny each and every allegation in Paragraph 78.  In addition, Paragraph 78 contains statements and conclusions of law to which no response is required, and, on that basis, Defendants deny each and every allegation in Paragraph 78.

79.   Defendants aver that they are not liable for the death of Decedent, and, on that basis, Defendants deny each and every allegation in Paragraph 79.

80.   Defendants deny each and every allegation in Paragraph 80 and 80(a)-(j).

81.   Defendants lack sufficient information or belief to admit or deny the allegations in Paragraph 81, and, on that basis, Defendants deny each and every allegation in Paragraph 81.  In addition, Paragraph 81 contains statements and conclusions of law to which no response is required, and, on that basis, Defendants deny each and every allegation in Paragraph 81.

82.   Defendants deny each and every allegation in Paragraph 82.  In addition, Paragraph 82 contains statements and conclusions of law to which no response is required, and, on that basis, Defendants deny each and every allegation in Paragraph 82.

83.   Defendants deny each and every allegation in Paragraph 83.

84.   Defendants aver that the other lawsuits speak for themselves.  Defendants lack sufficient information or belief to admit or deny the allegations in Paragraph 84 regarding these other lawsuits, and, on that basis, Defendants deny each and every allegation in Paragraph 84 regarding these other lawsuits.  Further, Defendants deny each and every allegation in Paragraph 84 regarding this lawsuit.  In addition, Paragraph 84 contains statements and conclusions of law to which no response is required, and, on that basis, Defendants deny each and every allegation in Paragraph 84.

85.   Defendants deny each and every allegation in Paragraph 85.

86.   Defendants lack sufficient information or belief to admit or deny the

allegations in Paragraph 86, and, on that basis, Defendants deny each and every allegation in Paragraph 86. In addition, Paragraph 86 contains statements and conclusions of law to which no response is required, and, on that basis, Defendants deny each and every allegation in Paragraph 86.

## SIXTH CLAIM FOR RELIEF

**Battery** (wrongful death and survival claim)

(By Plaintiffs V.R. and RAMONA TERRAZAS against Defendants WHEELER, HOUN, CALVERT, and COUNTY)

87. Answering Paragraph 87 Defendants repeat and reallege their answers to Paragraphs 1 through 86, as though set forth fully herein.

88. Defendants admit that, on July 22, 2018, in a gas station parking lot, Defendant Wheeler approached on foot a vehicle being driven by Decedent, who was the only occupant of the vehicle. Defendants further admit that Decedent was in possession of a box cutter. Regarding the remainder of this Paragraph, Defendants deny each and every allegation in Paragraph 88, except those expressly admitted.

89. Defendants admit that Decedent fled the scene of the gas station, and, after a pursuit, stopped his vehicle at another location remaining in the vehicle. Regarding the remainder of this Paragraph, Defendants deny each and every allegation in Paragraph 89, except those expressly admitted.

90. Defendants aver that Decedent refused repeated commands to come out of his vehicle without the deadly weapon, and, after a reasonable amount of time, Defendants admit that Defendant Wheeler struck the passenger side window of Decedent's vehicle breaking the window. Defendants further admit that Decedent drove the vehicle forward. Defendants further admit that Decedent exited the vehicle with a deadly weapon in hand. Regarding the remainder of this Paragraph, Defendants deny each and every allegation in Paragraph 90, except those expressly admitted.

91. Defendants aver that Decedent was armed with a deadly weapon throughout this incident and refused repeated commands to drop it. Defendants admit that Defendant

SILVER & WRIGHT LLP
IRVINE  INLAND EMPIRE  BAY AREA  SACRAMENTO

Houn fired three less lethal rounds and Defendant Calvert deployed his taser during the interaction with Decedent after he exited his vehicle with the deadly weapon in hand. Regarding the remainder of this Paragraph, Defendants deny each and every allegation in Paragraph 91, except those expressly admitted.  In addition, Paragraph 91 contains statements and conclusions of law to which no response is required, and, on that basis, Defendants deny each and every allegation of Paragraph 91, except those expressly admitted.

92.    Defendants aver that Decedent was armed with a deadly weapon throughout this incident and refused repeated commands to drop it.  Defendants admit that Decedent entered the vehicle again.  Defendants further admit that Decedent then exited the vehicle and ran from the scene and towards others with a deadly weapon in his hand posing an immediate threat of death or serious bodily injury to others, and, Defendant Wheeler was therefore justified in firing his weapon once at Decedent.  Regarding the remainder of this Paragraph, Defendants deny each and every allegation of Paragraph 92, except those expressly admitted.  In addition, Paragraph 92 contains statements and conclusions of law to which no response is required, and, on that basis, Defendants deny each and every allegation of Paragraph 92, except those expressly admitted.

93.    Defendants aver that Decedent was armed with a deadly weapon throughout this incident and refused repeated commands to drop it.  Defendants further aver that Defendant Calvert did not know that Decedent had been struck by the bullet fired by Defendant Wheeler when Defendant Calvert deployed his taser for the second time as Decedent was running towards others with a deadly weapon still in this hand.  On that basis, Defendants deny each and every allegation in Paragraph 93.

94.    Defendants aver that Decedent was armed with a deadly weapon throughout this incident and refused repeated commands to drop it.  On that basis, Defendants deny each and every allegation in Paragraph 94.  In addition, Paragraph 94 contains statements and conclusions of law to which no response is required, and, on that basis, Defendants deny each and every allegation in Paragraph 94.

95.     Defendants deny each and every allegation in Paragraph 95.  In addition, Paragraph 95 contains statements and conclusions of law to which no response is required, and, on that basis, Defendants deny each and every allegation in Paragraph 95.

96.     Defendants deny each and every allegation in Paragraph 96.  In addition, Paragraph 96 contains statements and conclusions of law to which no response is required, and, on that basis, Defendants deny each and every allegation in Paragraph 96.

97.     Defendants deny each and every allegation in Paragraph 97.  In addition, Paragraph 97 contains statements and conclusions of law to which no response is required, and, on that basis, Defendants deny each and every allegation in Paragraph 97.

98.     Defendants lack sufficient information or belief to admit or deny the allegations in Paragraph 98, and, on that basis, Defendants deny each and every allegation in Paragraph 98.  In addition, Paragraph 98 contains statements and conclusions of law to which no response is required, and, on that basis, Defendants deny each and every allegation in Paragraph 98.

## SEVENTH CLAIM FOR RELIEF

**Negligence** (wrongful death and survival claim)

(By Plaintiffs V.R. and RAMONA TERRAZAS against all Defendants)

99.     Answering Paragraph 99, Defendants repeat and reallege their answers to Paragraphs 1 through 98, as though set forth fully herein.

100.    Paragraph 100 contains statements and conclusions of law to which no response is required, and, on that basis, Defendants deny each and every allegation in Paragraph 100.

101.    Defendants deny each and every allegation in Paragraph  101 and 101(a)-(g).

102.    Defendants deny each and every allegation in Paragraph 102.  In addition, Paragraph 102 contains statements and conclusions of law to which no response is required, and, on that basis, Defendants deny each and every allegation in Paragraph 102.

103.    Defendants deny each and every allegation in Paragraph 103.  In addition,

SILVER & WRIGHT LLP
IRVINE  INLAND EMPIRE  BAY AREA  SACRAMENTO

Paragraph 103 contains statements and conclusions of law to which no response is required, and, on that basis, Defendants deny each and every allegation in Paragraph 103.

104.   Defendants lack sufficient information or belief to admit or deny the allegations in Paragraph 104, and, on that basis, Defendants deny each and every allegation in Paragraph 104.   In addition, Paragraph 104 contains statements and conclusions of law to which no response is required, and, on that basis, Defendants deny each and every allegation in Paragraph 104.

## EIGHTH CLAIM FOR RELIEF

### (Violation of Cal. Civil Code § 52.1)

(By Plaintiffs V.R. and RAMONA TERRAZAS against all Defendants)

105.   Answering Paragraph 105, Defendants repeat and reallege their answers to Paragraphs 1 through 104, as though set forth fully herein.

106.   Paragraph 106 contains statements and conclusions of law to which no response is required, and, on that basis, Defendants deny each and every allegation in Paragraph 106.

107.   Defendants deny each and every allegation in Paragraph 107.

108.   Defendants deny each and every allegation in Paragraph 108.   In addition, Paragraph 108 contains statements and conclusions of law to which no response is required, and, on that basis, Defendants deny each and every allegation in Paragraph 108.

109.   Defendants deny each and every allegation in Paragraph 109.

110.   Defendants deny each and every allegation in Paragraph 110.

111.   Defendants lack sufficient information or belief to admit or deny the allegations in Paragraph 111, and, on that basis, Defendants deny each and every allegation in Paragraph 111.

112.   Defendants deny each and every allegation in Paragraph 112.

113.   Defendants deny each and every allegation in Paragraph 113.

114.   Defendants deny each and every allegation in Paragraph 114.   In addition, Paragraph 114 contains statements and conclusions of law to which no response is

SILVER & WRIGHT LLP
IRVINE  INLAND EMPIRE  BAY AREA  SACRAMENTO

required, and, on that basis, Defendants deny each and every allegation in Paragraph 114.

115.   Defendants deny each and every allegation in Paragraph 115.  In addition, Paragraph 115 contains statements and conclusions of law to which no response is required, and, on that basis, Defendants deny each and every allegation in Paragraph 115.

116.   Defendants deny each and every allegation in Paragraph 116.  In addition, Paragraph 116 contains statements and conclusions of law to which no response is required, and, on that basis, Defendants deny each and every allegation in Paragraph 116.

117.   Defendants lack sufficient information or belief to admit or deny the allegations in Paragraph 117, and, on that basis, Defendants deny each and every allegation in Paragraph 117.   In addition, Paragraph 117 contains statements and conclusions of law to which no response is required, and, on that basis, Defendants deny each and every allegation in Paragraph 117.

## PRAYER FOR RELIEF

The TAC's Prayer contains statements and conclusions of law to which no response is required, and, on that basis, Defendants deny each and every allegation in the TAC's Prayer.  If deemed to be statements of fact, Defendants deny each and every allegation contained in the TAC's Prayer.

## AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses to the TAC and to the alleged claims, and each of them, Defendants allege as follows:

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

1.   Plaintiffs' TAC, and each claim therein, fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
### (No Violation of any Right or Law)

2.   The TAC, and each claim therein, is barred because Defendants did not violate any clearly established right or law.

SILVER & WRIGHT LLP
IRVINE  INLAND EMPIRE  BAY AREA  SACRAMENTO

### THIRD AFFIRMATIVE DEFENSE

### (Qualified Immunity)

3. The federal claims in the TAC are barred by the doctrine of qualified immunity.

### FOURTH AFFIRMATIVE DEFENSE

### (Defendants Acted in Good Faith)

4. The TAC, and each claim therein, is barred because, at all times relevant herein, Defendants acted in good faith, without malice, and with reasonable belief that their actions were lawful, valid, necessary, and appropriate, and in accordance with federal and California constitutional, statutory, and decisional law.

### FIFTH AFFIRMATIVE DEFENSE

### (Protection of Public Interest)

5. The TAC, and each claim therein, is barred because, in engaging in the conduct alleged in the TAC, Defendants acted lawfully within their duty, authority, or rights in protection of the public interest.

### SIXTH AFFIRMATIVE DEFENSE

### (No Policy, Custom, or Practice)

6. Plaintiffs' claims under the Federal Civil Rights Act against Defendant County are barred because the alleged violation of civil rights did not occur pursuant to a governmental policy, custom, or practice.

### SEVENTH AFFIRMATIVE DEFENSE

### (Not Proximate Cause)

7. The TAC, and each claim therein, is barred because the acts and omissions, if any, of Defendants were not the proximate cause of the injuries, damages, or detriments alleged in the TAC.

///

///

///

SILVER & WRIGHT LLP
IRVINE | INLAND EMPIRE | BAY AREA | SACRAMENTO

## EIGHTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

8.      As to any claims alleged against any Doe Defendants, or any claims against any unknown Defendants, they are barred by the applicable statute of limitations, including without limitation, California Code of Civil Procedure §§ 335.1 and 342.

## NINTH AFFIRMATIVE DEFENSE

### (Reckless and Wanton)

9.      The TAC, and each claim therein, is barred because at all times mentioned in the TAC, Decedent acted in a reckless, wanton, and negligent manner, which proximately contributed to the injuries and damages claimed by Plaintiffs and Decedent.

## TENTH AFFIRMATIVE DEFENSE

### (Assumption of Risk)

10.      The TAC, and each claim therein, is barred because all injuries and damages alleged in the TAC were occasioned by a risk which Decedent knowingly, voluntarily, and expressly assumed.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Negligence Per Se)

11.      The TAC, and each claim therein, is barred because of Decedent's own conduct which violated provisions of the California Penal Code and other statutes, and, as such, was negligent per se.

## TWELFTH AFFIRMATIVE DEFENSE

### (Negligence of Decedent)

12.      The TAC, and each claim therein, is barred because any injury to Decedent was due to and caused by the negligence and omissions of Decedent, which carelessness and negligence and omissions were the proximate cause of injuries and damages claimed by Plaintiffs and Decedent.

///

///

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

13. The TAC, and each claim therein, is barred by the doctrine of unclean hands.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Superseding and Intervening Cause)

14. The TAC, and each claim therein, is barred because the damages allegedly suffered by Plaintiffs and Decedent were the result of active and affirmative negligent acts or omissions to act of independent third parties and/or Decedent whose active and affirmative negligence and/or omissions to act resulted in superseding and intervening causes of Plaintiffs' and Decedent's alleged injuries or damages which thereby relieves Defendants from liability.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (No Damages)

15. The TAC, and each claim therein, is barred because Plaintiffs have suffered no injuries or damages.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Standing)

16. The TAC, and each claim therein, is barred because Plaintiffs lack standing to assert and/or pursue the claims against Defendants as they are not within the class of plaintiffs permitted to bring these claims.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Civil Code § 50)

17. The TAC, and each claim therein, is barred to the extent it seeks damages for claims for excessive force because Defendants are not liable pursuant to Civil Code § 50 as the force, if any, that was used on Decedent was necessary force to protect Defendants and others from wrongful injury.

///

///

DEFENDANTS' ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT

SILVER & WRIGHT LLP
IRVINE  INLAND EMPIRE/ BAY AREA  SACRAMENTO

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Government Code § 815.6)

18.     The state law claims in the TAC are barred because, under Government Code § 815.6, Defendants are not liable because they exercised reasonable diligence to discharge any mandatory duty imposed by an enactment that is designed to protect against the risk of a particular kind of injury that Plaintiffs or Decedent allegedly suffered.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Government Code §§ 815.2(b) and 820.2)

19.     The state law claims in the TAC are barred because, under Government Code § 820.2, Defendant County is not liable for any injury resulting from its employee's act or omission where such act or omission was a result of the exercise of the discretion vested in its employee.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Government Code §§ 815.2(b) and 820.4)

20.     The state law claims in the TAC are barred because, under California Government Code § 820.4, Defendants are not liable for their act or omission, exercised in due care, in the execution or enforcement of any law.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Government Code §§ 815.2(b) and 820.6)

21.     The state law claims in the TAC are barred because, under Government Code § 820.6, Defendants are not liable since they acted in good faith, without malice and under the apparent authority of the law.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Government Code §§ 815.2(b) and 820.8)

22.     The state law claims in the TAC are barred because, under Government Code § 820.8, Defendants are not liable for an injury caused by the act or omission of another person.

///

DEFENDANTS' ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT

SILVER & WRIGHT LLP
IRVINE  INLAND EMPIRE  BAY AREA  SACRAMENTO

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (No Punitive Damages)

23.     Plaintiffs' claim for punitive damages is unconstitutional and invalid in that it violates the United States Constitution, including, but not limited to, the Due Process Clause.  In addition, Plaintiffs' TAC fails to state a cause of action against Defendants for punitive damages.  Furthermore, pursuant to Government Code § 818 and *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981), Defendant County is not liable for punitive damages.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

24.     Plaintiffs failed to take reasonable actions to avoid or mitigate the alleged injuries, damages, or detriments.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Comparative Negligence)

25.     Defendants assert that Decedent was negligent in and about the activities alleged in the TAC; that his negligence contributed to and was a proximate cause of Plaintiffs' and his alleged injuries and damages, or was the sole cause thereof; and that if Plaintiffs or Decedent are entitled to recover damages against Defendants, then Defendants pray that the recovery be diminished or extinguished by reason of the negligence of Decedent.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Unknown Affirmative Defenses)

26.     Defendants presently have insufficient knowledge or information on which to form a belief as to whether Defendants may have additional, as yet, unstated affirmative defenses available.  Defendants reserve herein the right to assert additional affirmative defenses in the event that discovery indicates that they would be appropriate.

///

///

SILVER & WRIGHT LLP
IRVINE INLAND EMPIRE BAY AREA SACRAMENTO

Therefore, Defendants pray that Plaintiffs and Decedent take nothing by way of their TAC and that Defendants recover their costs and such other relief as the Court may deem just and proper.

Dated:  June 25, 2020                    SILVER & WRIGHT LLP

By:   /s/ John M. Fujii
      JOHN M. FUJII
      Attorney for Defendants
      County of San Bernardino;
      Gary Wheeler; Thun Houn;
      Jason Calvert

## **DEMAND FOR JURY TRIAL**

Defendants demand trial by jury in the above-entitled action.

Dated:  June 25, 2020                    SILVER & WRIGHT LLP

By:   s/ John M. Fujii
      JOHN M. FUJII
      Attorneys for Defendants
      County of San Bernardino;
      Gary Wheeler; Thun Houn;
      Jason Calvert

DEFENDANTS' ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT