1  LAW OFFICES OF DALE K. GALIPO
   Dale K. Galipo (Bar No. 144074)
2  *dalekgalipo@yahoo.com*
   Renee V. Masongsong, Esq. (SBN 281819)
3  *rvalentine@galipolaw.com*
   21800 Burbank Boulevard, Suite 310
4  Woodland Hills, California  91367
   Telephone:   (818) 347-3333
5  Facsimile:   (818) 347-4118

6  Attorneys for Plaintiffs

7

8              **UNITED STATES DISTRICT COURT**

9            **CENTRAL DISTRICT OF CALIFORNIA**

10  V.R., a minor, by and through her          Case No. 5:19-cv-01023-JGB-SP
    guardian *ad litem* Ariana Toscano,
11  individually and as successor in interest  [*Honorable Jesus G. Bernal*]
    to Juan Ramon Ramos, deceased; and
12  RAMONA TERRAZAS, individually,             **PLAINTIFFS' *EX PARTE***
                                               **APPLICATION FOR AN ORDER**
13                                             **CERTIFYING DEFENDANTS'**
                                               **APPEAL AS FRIVOLOUS AND**
14               Plaintiffs,                   **RETAINING JURISDICTION;**
                                               **MEMORANDUM OF POINTS AND**
15         vs.                                 **AUTHORITIES IN SUPPORT;**
                                               **DECLARATION OF RENEE V.**
16  COUNTY OF SAN BERNARDINO;                  **MASONGSONG IN SUPPORT**
    GARY WHEELER; THUN HOUN;
17  JASON CALVERT; and DOES 4-10,              [Proposed Order; Declaration of Renee
    inclusive,                                 V. Masongsong and exhibits thereto
18                                             *filed concurrently herewith*]
19               Defendants.

20

21

22

23

24

25

26

27

28

1  **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

2       Plaintiffs hereby apply *ex parte*, pursuant to Local Rule 7-19 and the cases

3  cited in Plaintiffs' memorandum of points and authorities, for an order certifying

4  Defendants' interlocutory appeal as frivolous and retaining jurisdiction.

5       This motion is based on this *ex parte* application, the attached memorandum

6  of points and authorities, the supporting declaration of Renee V. Masongsong, the

7  pleadings and other papers on file in this action, and all matters of which the Court

8  may take judicial notice.

9       An application may be made on an *ex parte* basis where the moving party is

10  exposed to prejudice not attributable to lack of diligence on the part of the moving

11  party.  *See Mission Power Engineering Co. v. Continental Casualty Co.*, 883 F.

12  Supp. 488 (C.D. Cal. 1995).  This application is properly made on an *ex parte* basis

13  because, through no fault of Plaintiffs, Defendants filed a notice of appeal on March

14  4, 2022, only one court day before the Court's final pretrial conference set for

15  March 7, 2019.  The trial of this matter is set for April 12, 2022, and Plaintiffs

16  would be prejudiced by having their trial delayed by Defendants' frivolous

17  interlocutory appeal.  Thus, there is not sufficient time for a regularly-noticed

18  motion that would accomplish the desired result and prevent prejudice to Plaintiffs.

19  *See* Decl. of Renee V. Masongsong ("Masongsong Decl.) at ¶ 2.

20       For the reasons set forth in the attached memorandum of points and

21  authorities, Defendants' interlocutory appeal should be certified as frivolous.

22  *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992) gives this Court has the

23  authority to certify Defendants' appeal as frivolous and proceed with the trial.  *See*

24  *also California ex rel. Lockyer v. Mirant Corp.*, 266 F. Supp. 2d 1046, 1052 (N.D.

25  Cal. 2003) (explaining and applying *Chuman* certification process).  Plaintiffs will

26  suffer prejudice if this case is stayed pending Defendants' unmeritorious appeal.

27  With respect to the issue of prejudice, Plaintiffs submit, by way of example, the case

28

PLAINTIFFS' EX PARTE APPLICATION TO CERTIFY DEFENDANTS' APPEAL AS FRIVOLOUS;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

1    of *Sandoval v. County of Los Angeles*, Ninth Circuit Case No. 10-55733, Dist. Ct.

2    Case No. CV 09-03428 PSG (SSx).[1]  (Masongsong Decl. at ¶ 3 and "Exhibit A"

3    thereto).  *Sandoval*, like this case, was a Fourth Amendment excessive force civil

4    rights case arising from an encounter with law enforcement.  In *Sandoval*, as in this

5    case, the court denied defendants' motion for summary judgment based on qualified

6    immunity.  On appeal, the Ninth Circuit ultimately affirmed.  Echoing the district

7    court's summary judgment ruling in *Sandoval*, the Ninth Circuit tersely held that

8    disputed issues of material fact preclude a finding of qualified immunity at the

9    summary judgment stage.  *Id.*  The defendants' unsuccessful appeal in *Sandoval*

10   nevertheless resulted in a two year and seven month delay in that trial.

11          More recently, in the case *Herd v. County of San Bernardino*, Central District

12   Case No. 5:17-cv-02545-AB (SPx), Ninth Circuit Case No. 19-56494, the

13   defendants' frivolous appeal of the district court's denial of the defendants' request

14   for qualified immunity on summary judgment delayed the *Herd* case by

15   approximately 18 months.  In *Herd*, the district court denied the defendants' request

16   for qualified immunity on summary judgment on December 2, 2019.  The

17   Defendants filed an interlocutory appeal, which Plaintiffs moved the Ninth Circuit

18   to dismiss for lack of jurisdiction.  In their motion to dismiss, the *Herd* Plaintiffs

19   explained that the Ninth Circuit lacks jurisdiction over the *Herd* defendants'

20   interlocutory appeal because the district court's order denying qualified immunity to

21   the individual officers was based on the existence of genuine issues of material facts

22   and thus is not a final, immediately appealable order.  The Ninth Circuit granted

23   Plaintiffs' motion to dismiss for lack of jurisdiction on June 25, 2020, and denied

24   the defendants' motion for reconsideration and rehearing en banc on the issue on

25   November 3, 2020.  ("Exhibit C" to Masongsong Decl. (*Herd* Ninth Cir. Order)).

26   The district court reset the trial (initially set for February 18, 2020) for September

27

28

---

[1] Cited in accordance with Ninth Cir. Local Rule 36-3(b) ("Unpublished dispositions and orders of this Court issued on or after January 1, 2007 may be cited to the courts of this circuit in accordance with FRAP 32.1."); FRAP 32.1.

PLAINTIFFS' EX PARTE APPLICATION TO CERTIFY DEFENDANTS' APPEAL AS FRIVOLOUS;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

1 | 28, 2021.  (Masongsong Decl. at ¶ 4 and "Exhibit C").

2 | 　　　In *Craig v. County of Orange*, Case No. SACV 17-00491-CJC(KESx),

3 | Central District Judge Cormac J. Carney granted the *Craig* plaintiff's ex parte

4 | application to certify the defendants' appeal as frivolous.  (*See* "Exhibit D" to

5 | Masongsong Decl. (2019 *Craig* Order)).  In that excessive force case, the individual

6 | officer defendant appealed the district court's March 7, 2019, order granting in part

7 | and denying in part the defendants' motion for summary judgment, challenging the

8 | Court's denial of summary judgment on the basis of qualified immunity.  In holding

9 | that the defendants' appeal was frivolous, the *Craig* court stated:

> With respect to the first ground, this is not an appropriate issue for interlocutory appeal. "[A] defendant, entitled to invoke a qualified immunity defense, may not appeal a district court's summary judgment order insofar as that order determines whether or not the pretrial record sets forth a 'genuine' issue of fact for trial." *Johnson v. Jones*, 515 U.S. 304, 319–20 (1995). The Court denied summary judgment on the excessive force claim because there were numerous disputed material facts that precluded any finding that Deputy Petropulos' use of force was objectively reasonable as a matter of law. It is disputed, for instance, whether Witt posed an immediate threat to the officers. . . Defendant cannot appeal the Court's determination that there were genuine issues of fact for trial. *Cf. Johnson*, 515 U.S. at 319–20.

18 | (Exhibit D" to Masongsong Decl. (2019 *Craig* Order at pp. 3-4)).

19 | 　　　Unless this Court certifies Defendants' appeal as frivolous in accordance with

20 | Ninth Circuit and Supreme Court precedent (as the *Craig* court did), Defendants'

21 | unmeritorious appeal could result (as in the *Sandoval* and *Herd* cases) in a

22 | significant delay.  The heavy weight of such potential prejudice justifies this *ex*

23 | *parte* application.  There are multiple avenues of potential prejudice to Plaintiffs

24 | from such a delay: memories fading; witnesses moving away; attorneys' fees

25 | mounting; and the time value of the delay in terms of Plaintiffs' delayed remedies.

26 | Further, in addition to consuming the resources of the appellate court, such a lengthy

27 | appeal would cut across the public interest in the expeditious and efficient resolution

28 |

　　　Case No. 5:19-cv-01023-JGB-SP

PLAINTIFFS' EX PARTE APPLICATION TO CERTIFY DEFENDANTS' APPEAL AS FRIVOLOUS;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

1    of litigation. Accordingly, Plaintiffs request that the Court enter the proposed order

2    filed concurrently herewith, which would certify that the Interlocutory Appeal filed

3    by Defendants, regarding this Court's Order denying Defendants' motion for

4    summary judgment, is frivolous because it is an appeal from a denial of summary

5    judgment on the grounds of the existence of disputed questions of material fact.

6    Because the appeal is frivolous, this Court would retain jurisdiction over this matter,

7    and the case would proceed to trial as scheduled.

8         Defendants' counsel is: John Fuji and Adrianna Paige of Silver and Wright.

9    Plaintiffs' counsel gave notice to defense counsel Adrianna Paige via telephone at

10   approximately 10:15 a.m. on March 9, 2022, to advise Defendants that Plaintiffs

11   would be filing the instant *ex parte* application.  Plaintiffs' counsel also advised the

12   court and counsel during the March 7, 2022, pretrial conference in this matter that

13   Plaintiffs would be filing the instant motion.  Defendants' counsel's contact

14   information is as follows: SILVER & WRIGHT LLP; John M. Fujii, Esq.; Adrianna

15   C. Paige, Esq.; 3 Corporate Park, Suite 100, Irvine, CA 92606;

16   APaige@silverwrightlaw.com; jfujii@silverwrightlaw.com.  Plaintiffs could not

17   obtain a stipulation because Defendants are opposed to certifying their interlocutory

18   appeal as frivolous.  An opposition is expected to be filed.  (Masongsong Decl. at ¶

19   6).  Plaintiffs submit that, for the reasons above, the proposed order filed

20   concurrently herewith may be entered on an *ex parte* basis.

21         Respectfully submitted,

22   DATED:  March 11, 2022          LAW OFFICES OF DALE K. GALIPO

23

24                                          By: _____/s/ Renee V. Masongsong_____

25                                              Dale K. Galipo
                                                Renee V. Masongsong
26                                              Attorneys for Plaintiffs

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.      PROCEDURAL BACKGROUND

This civil rights and state tort lawsuit arises out of the fatal shooting of Juan Ramos ("Mr. Ramos") by County of San Bernardino ("County") Sheriff's Department Sergeant Gary Wheeler ("Sgt. Wheeler") on July 22, 2018, and the beanbag deployment by Deputy Thun Houn ("Deputy Houn") and taser deployment by Sergeant Jason Calvert ("Sgt. Calvert").  Plaintiffs bring this action under 42 U.S.C. § 1983 and California state law against Defendants Wheeler, Houn Calvert, and the County of San Bernardino.  On October 4, 2021, Defendants moved for summary judgment ("Motion") on all of Plaintiffs' § 1983 claims and state law claims, and Plaintiffs timely opposed the Motion.  On February 3, 2022, the Court denied Defendants' Motion with respect to Plaintiffs' claims for excessive force, interference with familial relationship, battery, negligence, and violation of the Bane Act.  (*See* Dkt. # 118 and "Exhibit B" to Masongsong Decl. ("MSJ Order")).  Specifically, the Court denied Defendants' motion on qualified immunity with respect to the defendant officers' use of force on Mr. Ramos.  *Id*.  On March 3, 2022, Defendants appealed the Court's Order on summary judgment denying qualified immunity to the Ninth Circuit Court of Appeals.  (*See* Dkt. # 119 (Notice of Appeal)).

Plaintiffs now apply *ex parte*, requesting that this Court certify Defendants' appeal as frivolous, retain jurisdiction, and allow the case to proceed to trial as scheduled.  The trial of this matter is currently set for April 12, 2022, and the pretrial conference has been continued to April 4, 2022.  This Court should deny any request by defendants to vacate or continue these dates.  As explained below and in Judge Cormac J. Carney's Order Granting Plaintiffs' Motion to Certify Appeal as Frivolous in the case *Craig v. County of Orange*, Case No. SACV 17-00491-CJC (KESx), an order denying qualified immunity on the basis of disputed material facts is not a final, immediately appealable order, and a defendant may only appeal a

PLAINTIFFS' EX PARTE APPLICATION TO CERTIFY DEFENDANTS' APPEAL AS FRIVOLOUS;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

1   court's denial of qualified immunity on the basis that his conduct did not violate

2   clearly established law if the defendant assumes the plaintiff's version of the facts.

3   (*See* "Exhibit D" to Masongsong Decl. (2019 *Craig* Order)); *Johnson v. Jones*, 515

4   U.S. 304, 319–20 (1995).  Therefore, Defendants' appeal must be certified as

5   frivolous.

6   **II.      LEGAL STANDARD**

7           "[I]mmediate appeal from the denial of summary judgment on a qualified

8   immunity plea is available when the appeal presents a 'purely legal issue. . . .'

9   However, instant appeal is not available . . . when the district court determines that

10  factual issues genuinely in dispute preclude summary adjudication." *Ortiz v. Jordan*,

11  562 U.S. 180, 188 (2011).  In determining whether to stay proceedings pending

12  appeal of a denial of qualified immunity, district courts must weigh the interests of

13  the defendants claiming immunity from trial with the interest of the other litigants

14  and the judicial system.  "During the appeal memories fade, attorneys' meters tick,

15  judges' schedules become chaotic (to the detriment of litigants in other cases).

16  Plaintiffs' entitlements may be lost or undermined."  *Apostol v. Gallion*, 870 F.2d

17  1335, 1338–39 (7th Cir. 1989).

18          *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992) clearly gives district

19  courts the right to certify an interlocutory appeal as frivolous.  "Should the district

20  court find that the defendants' claim of qualified immunity is frivolous or has been

21  waived, the district court may certify, in writing, that defendants have forfeited their

22  right to pretrial appeal, and may proceed with trial."  *Id*; *see also California ex rel.*

23  *Lockyer v. Mirant Corp.*, 266 F. Supp. 2d 1046, 1052 (N.D. Cal. 2003) (explaining

24  and applying *Chuman* certification process); *Rodriguez v. Cty. of L.A.*, 891 F.3d

25  776, 790–92 (9th Cir. 2018).

26          "An appeal is frivolous if the results are obvious, or the arguments of error are

27  wholly without merit." *In re George*, 322 F.3d 586, 591 (9th Cir. 2003) (quoting

28  *Maisano v. Untied States*, 908 F.2d 408, 411 (9th Cir. 1990)) (discussing standard

1  under 28 U.S.C § 1912 and Federal Rules of Appellate Procedure 38). A qualified

2  immunity claim may be frivolous if the claim is "unfounded" or "so baseless that it

3  does not invoke appellate jurisdiction." *Marks v. Clarke*, 102 F.3d 1012, 1017 n.8

4  (9th Cir. 1996) (quoting *Apostol*, 870 F.3d at 1339); *Schering Corp. v. First*

5  *DataBank, Inc.*, No. 07-cv-01142, 2007 WL 1747115 at *3 (N.D. Cal. June 18,

6  2007) (quoting *Apostol*, 870 F.2d at 1339).

7  **III.   DISCUSSION**

8            **A. The Court's Order Denying Qualified Immunity Based on**

9            **Disputed Issues of Material Fact is Not an Appealable Order**

10          Whether an appellate court hears an interlocutory appeal from the denial of

11  qualified immunity on summary judgment depends on the basis of the denial.

12  *Maropulos v. County of Los Angeles*, 560 F.3d 974, 975 (9th Cir. 2009); *see*

13  *Plumhoff v. Rickard*, 572 U.S. 565, 772 (2014) (appellate court has jurisdiction to

14  review order denying officers' summary judgment motion based on qualified

15  immunity in section 1983 action where decedent killed in a high speed car chase and

16  officer's contention that conduct did not violate Fourth Amendment raised legal

17  rather than factual issues).  An order denying qualified immunity on the basis of

18  disputed material facts is not a final, immediately appealable order.  *Johnson*, 515

19  U.S. at 313–20.  "Where the district court denies immunity on the basis that material

20  facts are in dispute, [appellate courts] generally lack jurisdiction to consider an

21  interlocutory appeal." *Collins v. Jordan*, 110 F.3d 1363, 1370 (9th Cir. 1996); *see*

22  *also Johnson*, 515 U.S. at 307; *Behrens v. Pelletier*, 516 U.S. 299, 308 (1996)

23  (*citing Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985)).

24          In *Craig v. County of Orang*e, Case No. SACV 17-00491-CJC(KESx),

25  Central District Judge Cormac J. Carney granted the *Craig* plaintiff's ex parte

26  application to certify the defendants' appeal as frivolous, following *Rodriguez* and

27  *Chuman*.  (*See* "Exhibit D" to Masongsong Decl. (2019 *Craig* Order)).  In that

28  excessive force case, the individual officer defendant appealed the district court's

PLAINTIFFS' EX PARTE APPLICATION TO CERTIFY DEFENDANTS' APPEAL AS FRIVOLOUS;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

1    March 7, 2019, order granting in part and denying in part the defendants' motion for

2    summary judgment, challenging the Court's denial of summary judgment on the

3    basis of qualified immunity.  The *Craig* defendants contended that their appeal

4    rested on two bases: (1) that the individual officer's use of force was lawful; and (2)

5    that his use of force did not violate clearly established law.  With respect to the

6    *Craig* defendants' first ground for their appeal, the *Craig* court stated:

> [T]his is not an appropriate issue for interlocutory appeal. "[A]
> defendant, entitled to invoke a qualified immunity defense, may not
> appeal a district court's summary judgment order insofar as that order
> determines whether or not the pretrial record sets forth a 'genuine'
> issue of fact for trial." *Johnson v. Jones*, 515 U.S. 304, 319–20 (1995).
> The Court denied summary judgment on the excessive force claim
> because there were numerous disputed material facts that precluded any
> finding that Deputy Petropulos' use of force was objectively reasonable
> as a matter of law. It is disputed, for instance, whether Witt posed an
> immediate threat to the officers. . .   Defendant cannot appeal the
> Court's determination that there
> were genuine issues of fact for trial. *Cf. Johnson*, 515 U.S. at 319–20.

15   (*Id*. at p. 4)).

16          Here, it is undisputed that the Court's Order denying summary judgment to

17   the defendant officers on qualified immunity grounds was premised on material

18   factual disputes.  (Dkt. # 118 (MSJ Order, "Exhibit B" to Masongsong Decl.) at p.p.

19   16-17).  Specifically, the Court's Order denied qualified immunity to the defendant

20   officers with this explanation:

> "[t]he determination of whether a reasonable officer could have
> believed his conduct was lawful is a determination of law that can be
> decided on summary judgment only if the material facts are
> undisputed." *LaLonde v. County of Riverside*, 204 F.3d 947, 953 (9th
> Cir. 2000); *see also Glenn*, 673 F.3d at 870 (the resolution of material
> factual disputes "is critical to a proper determination of the officers'
> entitlement to qualified immunity"). Thus, where "there is a material
> dispute as to the facts regarding what the officer or the [Decedent]
> actually did, the case must proceed to trial, before a jury if requested."
> (*Id*.)
> Whether a qualified immunity defense applies to any Individual
> Defendant turns on whether their respective use of force was

1
2
3
4

reasonable. The competing evidence discussed above shows that there is a genuine issue of fact as to this issue for each Individual Defendant. This issue, for each Individual Defendant, must be resolved by a jury before qualified immunity can be resolved, i.e., before it can be determined whether the Individual Officers' beliefs about the propriety of their conduct were reasonable.

5
6
7

In denying Defendant's Motion and denying qualified immunity to each individual officer defendant, this Court addressed the disputed issues of fact bearing on the *Graham* factors, stating:

8
9
10
11

Although Decedent moved the car forward, a jury may find that Decedent did not attempt escape but tried to avoid the canine. A jury may also find that Decedent tried to get out and submit to arrest but was immediately pelted with beanbags and became scared. There is a genuine issue of disputed fact as to whether Decedent attempted to escape or actively resisted arrest.

12
13
14
15

(*Id* at p. 13.).  Importantly, this Court held that "[t]riable issues also remain as to the "most important single element of the … factors" identified in *Graham*: whether the suspect posed an immediate threat to the safety of the police officers or others. *Smith*, 394 F.2d at 702 (internal quotations omitted)."  (*Id.*).

16
17
18

This Court was clear in explaining that factual disputes prevent this Court from determining whether each of the individual deputy defendants' uses of force were excessive and unreasonable, stating, with respect to Houn:

19
20

The Court finds that there is a genuine issue of material fact as to whether there was an immediate threat to the safety of deputies and bystanders at the time Deputy Houn deployed the beanbags.

21
22

(Dkt. # 118 (MSJ Order) at p. 14).  In discussing Calvert's use of force, this Court stated:

23
24
25
26
27
28

There are general issues of material fact as to Defendant Calvert's taser use: (1) whether a taser dart attached to Decedent or not and (2) whether the use of the taser was in response to an immediate threat. Assuming the first taser dart attached to Decedent, a reasonable jury may find that the use of the taser after the beanbags further thwarted Decedent's attempt to submit to arrest and retreat into the vehicle. Assuming the second taser dart attached to Decedent, a reasonable jury may find that the use of the taser after Decedent was shot constituted unreasonable and excessive force.

1    (*Id*. at p. 15).  Addressing Sgt. Wheeler's use of deadly force, the Court further

2    stated:

> There is a genuine issue of material fact as to whether Defendant
> Wheeler used excessive force when he shot Decedent. The parties
> dispute whether Decedent quickly turned towards the house when
> Defendant Wheeler shot him. A reasonable jury could find that even if
> Decedent quickly turned towards the house, Defendant Wheeler still
> used excessive force, because Decedent did not threaten anyone, did
> not advance towards anyone, and did not indicate any intention to
> physically injure anyone, even though he possessed a boxcutter.

8    (*Id*.).

9    Therefore, the instant appeal is not available because this Court clearly and

10   appropriately determined that factual issues genuinely in dispute preclude granting

11   summary judgment in this case.  *See Ortiz*, 562 U.S. at 188.  It is clear that the

12   denial of qualified immunity in this case is not based on issues of law, but rather on

13   genuine issues of material fact.  Hence, the Court should find Defendants' appeal

14   baseless and insufficient to deprive this Court of jurisdiction. *See Kennedy v. City of*

15   *Ridgefield*, 439 F.3d 1055, 1060 (9th Cir. 2006) (*citing Knox v. Southwest Airlines*,

16   124 F.3d 1103, 1107 (9th Cir. 1997) (no jurisdiction over an interlocutory appeal

17   that focuses on whether there is a genuine dispute about the underlying facts)).

18   Accordingly, the Court should certify that Defendants' interlocutory appeal is

19   frivolous on this basis.  *See Chuman v. Wright*, *supra*.

20                        **B. Plaintiffs Will be Prejudiced by a Stay of This Action**

21   This Court should retain jurisdiction and should not stay the instant action.

22   The Court's authority to stay a proceeding is "incidental to the power inherent in

23   every court to control the disposition of the causes on its docket with economy of

24   time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299

25   U.S. 248, 254 (1936).  When considering a stay, courts consider "[1] the possible

26   damage which may result from the granting of a stay, [2] the hardship or inequity

27   which a party may suffer in being required to go forward, and [3] the orderly course

28   of justice measured in terms of the simplifying or complicating of issues, proof, and

PLAINTIFFS' EX PARTE APPLICATION TO CERTIFY DEFENDANTS' APPEAL AS FRIVOLOUS;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

1   questions of law which could be expected to result from a stay." *CMAX, Inc. v.*

2   *Hall*, 300 F.2d 265, 268 (9th Cir. 1962).  "The proponent of a stay bears the burden

3   of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997).

4          While the Supreme Court has allowed interlocutory appeals of qualified

5   immunity in light of qualified immunity's purpose to protect a public official from

6   liability and from standing trial, courts have recognized that this approach may also

7   "injure the legitimate interests of other litigants and the judicial system." *See Vargas*

8   *v. Cnty. of Los Angeles*, Case No. CV 19-3279 PSG (ASx), 2021 WL 2403162, at \*6

9   (C.D. Cal. May 5, 2021) (citing *Apostol*, 870 F.3d at 1338-39).  In recognizing the

10  value of a *Chuman* certification in the face of a frivolous appeal, the Seventh Circuit

11  in *Apostol v. Gallion* explained:

> During the appeal memories fade, attorneys' meters tick, [and]
> judges' schedules become chaotic) to the detriment of litigants in
> other cases). Plaintiffs' entitlements may be lost or undermined. Most
> deferments will be unnecessary. The majority in *Forsyth* appeals—
> like the bulk of all appeals—end in affirmance. Defendants may seek
> to stall because they gain from the delay at plaintiffs' expense, an
> incentive yielding unjustified appeals. Defendants may take *Forsyth*
> appeals for tactical as well as strategic reasons: disappointed by the
> denial of a continuance, they may help themselves to a postponement
> by lodging a notice of appeal.

19  870 F.2d at 1138-39. This case was initially filed in June 2019.  Almost three years

20  have passed since the initiation of this case.  In light of the frivolous nature of

21  Defendants' appeal, it would be prejudicial to Plaintiffs to vacate the current trial

22  date based on Defendants' inappropriate interlocutory appeal, which would result in

23  a stay of this case for another one to two years while the appeal is pending.

24          As indicated in Plaintiffs' ex parte application, *supra*, the excessive force

25  cases *Sandoval v. County of Los Angeles*, Ninth Circuit Case No. 10-55733, Dist.

26  Ct. Case No. CV 09-03428 PSG (SSx)[2] and *Herd v. County of San Bernardino*,

27  _____

28  [2] Cited in accordance with Ninth Cir. Local Rule 36-3(b) ("Unpublished dispositions and orders of this Court issued on or after January 1, 2007 may be cited to the courts of this circuit in accordance with FRAP 32.1."); FRAP 32.1.

PLAINTIFFS' EX PARTE APPLICATION TO CERTIFY DEFENDANTS' APPEAL AS FRIVOLOUS;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

1    Central District Case No. 5:17-cv-02545-AB (SPx), Ninth Circuit Case No. 19-

2    56494 show how a frivolous interlocutory appeal can prejudice the plaintiff by

3    delaying their day in court.  (*See* Masongsong Decl. at ¶¶ 4, 5 and "Exhibits A and

4    C").  In both *Sandoval* and *Herd*, as in this case involving Mr. Ramos, the court

5    denied defendants' motion for summary judgment based on qualified immunity, and

6    the defendants filed interlocutory appeals.  In *Sandoval*, the Ninth Circuit affirmed

7    the district court's summary judgment ruling, holding that disputed issues of

8    material fact preclude a finding of qualified immunity at the summary judgment

9    stage.  (Masongsong Decl. at ¶ 3 and "Exhibit A").  The defendants' unsuccessful

10   appeal in *Sandoval* resulted in a two year and seven month delay in that trial.

11          In *Herd*, the district court denied the individual officer defendants' requests

12   for qualified immunity on summary judgment.  The *Herd* defendants filed an

13   interlocutory appeal, which Plaintiffs moved the Ninth Circuit to dismiss for lack of

14   jurisdiction.  In their motion to dismiss, the *Herd* Plaintiffs explained that the Ninth

15   Circuit lacks jurisdiction over the *Herd* defendants' interlocutory appeal because the

16   district court's order denying qualified immunity to the individual officers was

17   based on the existence of genuine issues of material facts and thus is not a final,

18   immediately appealable order.  The Ninth Circuit granted Plaintiffs' motion to

19   dismiss for lack of jurisdiction on June 25, 2020, and denied the defendants' motion

20   for reconsideration and rehearing en banc on the issue on November 3, 2020.

21   ("Exhibit C" to Masongsong Decl. (*Herd* Ninth Cir. Order)).  The district court case

22   was stayed pending the Herd defendants' appeal, which resulted in approximately an

23   18-month delay in the case.  (Masongsong Decl. at ¶ 4 and "Exhibit C").

24          This case involving Mr. Ramos was initially filed in June 2019.  Almost three

25   years have passed since the initiation of this case.  In light of the frivolous nature of

26   Defendants' appeal, it would be prejudicial to Plaintiffs to vacate the current trial

27   date based on Defendants' inappropriate interlocutory appeal, which would result in

28   a stay of this case for another one to two years while the appeal is pending.

PLAINTIFFS' EX PARTE APPLICATION TO CERTIFY DEFENDANTS' APPEAL AS FRIVOLOUS;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

1    **IV.    CONCLUSION**

2        For the foregoing reasons, Plaintiffs respectfully request this Court grant this

3    ex parte application and issue an order certifying Defendants' Interlocutory Appeal

4    as frivolous, retaining jurisdiction, and keeping the trial date in place.

5

6    Respectfully submitted,

7

8    DATED:  March 11, 2022          LAW OFFICES OF DALE K. GALIPO

9

10                                   By:         /s/ Renee V. Masongsong

11                                        Dale K. Galipo
                                         Renee V. Masongsong
12                                        Attorneys for Plaintiffs

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28