JOHN M. FUJII, SBN 172718
JFujii@SilverWrightLaw.com
MAHADHI CORZANO, SBN 254905
MCorzano@SilverWrightLaw.com
SILVER & WRIGHT LLP
3 Corporate Park, Suite 100
Irvine, California 92606
Phone:       949-385-6431
Fax:   949-385-6428

Attorneys for Defendants
County of San Bernardino, Gary Wheeler,
Thun Houn, and Jason Calvert

SILVER & WRIGHT LLP
IRVINE INLAND EMPIRE | BAY AREA SACRAMENTO

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| V.R., a minor, by and through her guardian *ad litem* Ariana Toscano, individually and as successor in interest to Juan Ramon Ramos, deceased; and RAMONA TERRAZAS,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SAN BERNARDINO; GARY WHEELER; THUN HOUN; JASON CALVERT; and DOES 4-10, inclusive,<br><br>Defendants. | Case No.:       5:19-cv-01023-JGB-SP<br>Judge:        Jesus G. Bernal<br>Mag. Judge:  Sheri Pym<br><br>**DEFENDANTS' *EX PARTE* APPLICATION FOR ORDER TO STAY PENDING APPEAL AND VACATING ALL CURRENTLY SET DATES**<br><br>[Filed concurrently with:<br>1. Memorandum of Points and Authorities in support of *Ex Parte* Application for Order to Stay Pending Appeal.<br>2. Declaration of Mahadhi Corzano in support of *Ex Parte* Application for Order to Stay Pending Appeal.<br>3. [Proposed] Order Granting *Ex Parte* Application for Order to Stay Pending Appeal.]<br><br>[Trial date:  April 12, 2022] |

**TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:**

Defendants County of San Bernardino, Gary Wheeler, Thun Houn, and Jason Calvert (collectively, "Defendants") hereby apply *ex parte* for an order to stay the proceedings pending appeal and to vacate the April 12, 2022 trial date.

Good cause exists for the requested relief. Defendants have filed an interlocutory appeal based on the Court's denial of qualified immunity. Trial in this matter is set for April 12, 2022. [Dkt. 113.] Setting a regular noticed motion would not be possible to bring this issue in front of the Court prior to the trial date. Defendants would therefore be extremely prejudiced in having to proceed in trial and defend issues that are pending appeal. Moreover, should Defendants succeed in the Ninth Circuit that they did not violate a constitutional right, such reversal would necessarily invalidate all of Plaintiffs' federal and state law claims, thus avoiding Defendants having to go to trial altogether. Therefore, good cause exists to bring this issue in front of the Court immediately, via *ex parte*.

Prior to filing this Application, defense counsel contacted Plaintiffs' counsel Renee V. Masongsong from the Law Offices of Dale K. Galipo, 21800 Burbank Blvd., Suite 310, Woodland Hills, CA 91367; (818) 347-3333; rvalentine@galipolaw.com, and provided notice to the issues contained in this *ex parte* application. Plaintiffs' counsel indicated that they will be opposing the *ex parte* application for reasons stated in Plaintiffs' *ex parte* application to certify the appeal as frivolous.

///
///
///
///
///
///
///
///

DEFENDANTS' *EX PARTE* APPLICATION FOR ORDER TO STAY PENDING APPEAL

**SILVER & WRIGHT** LLP
IRVINE | INLAND EMPIRE | BAY AREA | SACRAMENTO

1    Defendants' *ex parte* application is based upon this application, the supporting
2  memorandum of points and authorities, and the Declaration of Mahadhi Corzano and
3  supporting exhibits, as well as all records and pleadings on file with the Court in this
4  action and on such further evidence and argument as may be presented at or before the
5  time of ruling.

6

7  Dated:  March 15, 2022              SILVER & WRIGHT LLP

8

9                                     By:  _/s/John M. Fujii_____
10                                         JOHN M. FUJII
                                           MAHADHI CORZANO
11                                         Attorneys for Defendants
                                           County of San Bernardino,
12                                         Gary Wheeler, Thun Houn, and Jason
                                           Calvert

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' *EX PARTE* APPLICATION FOR ORDER TO STAY PENDING APPEAL

# <u>TABLE OF CONTENTS</u>

I.    INTRODUCTION ............................................................................... p. 1

II.   STATEMENT OF FACTS ................................................................. p. 2

III.  PROCEDURAL HISTORY ............................................................... p. 3

IV.   ARGUMENT ...................................................................................... p. 4

    A. *Ex Parte* Relief Is Necessary To Avoid The Time And Expenses Of
       Conducting Trial On Issues That May Be Resolved By The Ninth
       Circuit .............................................................................................. p. 4

    B. Defendants Are Permitted To File An Interlocutory Appeal Based
       On The Denial Of Qualified Immunity At The Summary Judgment
       Stage .................................................................................................. p. 5

    C. Defendants' Qualified Immunity Appeal Divests The Court of
       Jurisdiction Over This Case ........................................................... p. 7

    D. A Stay Of The Entire Action Pending Appeal Is Warranted ............... p. 9

V.    CONCLUSION ................................................................................... p. 12

SILVER & WRIGHT LLP
IRVINE INLAND EMPIRE BAY AREA SACRAMENTO

# <u>TABLE OF AUTHORITIES</u>

**S**TATUTES

Cal. Veh. Code § 2800.2 ........................................................................ p. 2

**C**ASES

*Chuman v. Wright*, 960 F.2d 104 (9th Cir. 1992) ...................................... p. 7

*CMAX Inc. v. Hall*, 300 F.2d 265 (9th Cir. 1962) ................................... p. 10

*Donaldson v. United States*, No. 15-CV-908 JLS, 2018 WL 1089986 (S.D. Cal. Feb. 26, 2018) ................................................................... p. 11

*Fed. Trade Comm'n v. Cardiff*, NO. EDCV182104DMGPLAX, 2020 WL 5417125 (C.D. Cal. Sept. 9, 2020)....................................... p. 10

*Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56 (1982) ................... p. 7

*Gustavson v. Mars, Inc.*, No. 13-CV-04537-LHK, 2014 WL 6986421 (N.D. Cal. Dec. 10, 2014) .......................................................... p. 11

*Hamby v. Hammond*, 821 F.3d 1085 (9th Cir. 2016) ................................ p. 8

*Herd v. City of Fontana*, 2020 WL 1934974 (C.D. Cal. 2020) .................. p. 7

*Isayeva v. Sacramento Sheriff's Department*, 872 F.3d 938 (9th Cir. 2017) pp. 1, 5, 8, 10

*Jeffers v. Gomez*, 267 F.3d 895 (9th Cir. 2001) ........................................ p. 6

*Johns v. City of Eugene*, No. 6:16-CV-00907-AA, 2018 WL 11176240 (D. Or. Mar. 28, 2018) ............................................................... p. 9

*Kennedy v. City of Richfield*, 439 F.3d 1055 (9th Cir. 2006) ..................... p. 8

*Knox v. Southwest Airlines*, 124 F.3d 1103 (9th Cir. 1997) ....................... p. 6

*Landis v. North American Co.*, 299 U.S. 248 (1936) ......................... pp. 9, 11-12

*Lockyer v. Mirant Corp.*, 398 F.3d 1098 (9th Cir. 2005) ...................... pp. 9-11

*Martinez v. City of Pittsburg*, No. 17-CV-04246-RS, 2019 WL 1491676 (N..D. Cal. Apr. 4, 2019) ............................................................ p. 12

*Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F.Supp. 488 (C.D. Cal. 1995) ...... p. 4

**S**ILVER & **W**RIGHT LLP
IRVINE. INLAND EMPIRE. BAY AREA. SACRAMENTO

*Mitchell v. Forsyth*, 472 U.S. 511 (1985) ....................................................... p. 5

*Moore v. City of Berkeley*, No. C14-00669, 2016 WL 6024530 (N.D. Cal. Oct. 14, 2016) ............................................................................ pp. 8, 11

*Pearson v. Callahan*, 555 U.S. 223 (2009).................................................. p. 11

*Peck v. County of Orange*, 528 F.Supp.3d 1100 (C.D. Cal. 2021)...................... pp. 7, 11

*Rodriguez v. County of Los Angeles*, 891 F.3d 776 (9th Cir. 2018)............................ p. 6

*Saucier v. Katz*, 533 U.S. 194 (2001) ................................................ pp. 8, 11

*United States v. Claiborne*, 727 F.2d 842 (9th Cir. 1984)...................................... p. 4, 7

*United States v. Hickey*, 580 F.3d 922 (9th Cir. 2009) ................................... p. 5

*Vasquez-Brenes v. Las Vegas Metro. Police Dept.*, 670 F.Appx. 617 (9th Cir. 2016) ...................................................................................... p. 8

*Wilkins v. City of Oakland*, 350 F.3d 949 (9th Cir. 2003)........................................ p. 6

*Wilkinson v. Torres*, 610 F.3d 546 (9th Cir. 2010)............................................... p. 8

**SILVER & WRIGHT** LLP
IRVINE INLAND EMPIRE BAY AREA SACRAMENTO

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Defendants County of San Bernardino, Gary Wheeler, Thun Houn, and Jason Calvert (collectively, "Defendants") bring this *ex parte* application for an order to stay the proceedings pending their interlocutory appeal. Defendants filed an interlocutory appeal from the Court's denial of qualified immunity. Trial in this matter is currently set for April 12, 2022. Defendants do not have time to bring a regularly noticed motion to stay the proceedings without being irreparably harm in having to proceed to trial on issues that are pending appeal and could result in not having to go to trial altogether. Thus, determining whether the proceedings should be stayed pending appeal requires immediate attention from this Court to prevent harm and waste of judicial resources.

Defendants' appeal automatically divests this Court of jurisdiction on Plaintiffs' Fourth and Fourteenth Amendment claims. Since Plaintiffs' state law claims for wrongful death, battery, and violation of the Bane Act are determinative on issues over which the Ninth Circuit has jurisdiction, the Court should stay Plaintiffs' state law claims pending appeal. Moreover, the Court has the inherent power to stay when claims overlap on issues that are pending appeal, especially where, as here, a stay of the state law claims would avoid two trials, conserve judicial resources, and avoid potentially inconsistent verdicts. In addition, any delay would not be lengthy since the Ninth Circuit has already issued a briefing schedule, with Defendants' opening brief to be filed on **May 2, 2022** and Plaintiffs' answering brief to be filed by **June 1, 2022**. Defendants do not intend on seeking any extension, especially if the Court makes a decision quickly to stay the April 12, 2022 trial, so Defendants' counsel can focus their energy on the appeal and not on preparing for trial. Moreover, Plaintiffs may request the Ninth Circuit to place this appeal on the next available calendar upon completion of briefing, as the Ninth Circuit the *Isayeva* case (discussed below), thus ensuring a delay would be at a minimum.

Accordingly, Defendants respectfully request the Court to issue an order staying this case pending the appeal and vacating the April 12, 2022 trial date.

**SILVER & WRIGHT LLP**
IRVINE, INLAND EMPIRE, BAY AREA, SACRAMENTO

## II.    STATEMENT OF FACTS

On July 22, 2018, San Bernardino County Sheriff's Department received a call about a reckless driver that nearly collided with several vehicles and ran through red traffic lights.  The driver was later identified as Decedent.  Moments later, Sergeant Wheeler conducted a traffic stop on Decedent's vehicle.  During the traffic stop, Sergeant Wheeler and Deputy Houn observed Decedent had a box cutter in his possession.  Deputy Houn ordered Decedent to leave the box cutter on the dashboard, but Decedent did not comply.  Instead, Decedent grabbed the box cutter and partially exited the vehicle with the box cutter in his hand.  Sergeant Wheeler and Deputy Houn hastily retreated several steps back, which allowed Decedent to close the driver door and peel out of the gas station.  Sergeant Wheeler and Deputy Houn pursued Decedent.

During the pursuit, Decedent failed to yield to oncoming traffic, drove through a red traffic light, and drove 15 mph above the speed limit in a residential area, which constituted felony reckless driving while evading police, a felony crime under Cal. Veh. Code § 2800.2.  Decedent finally stopped his vehicle at the end of a dead-end street.

Sergeant Wheeler approached Decedent's driver's door and attempted to coax Decedent to come out by using words like "my friend", "amigo", "come here", and "no problemas".  He holstered his weapon while gesturing to Decedent to come out.  For the next 30 minutes, Deputy Lopez instructed Decedent in Spanish and English to open the door, exit the vehicle without the box cutter, and with his hands up without success.

Sergeant Wheeler and Deputy Houn suspected Decedent was under the influence of drugs.  Sergeant Wheeler moved his patrol car behind Decedent's vehicle to prevent him from reversing.  Sergeant Wheeler also believed that Decedent posed a greater risk if he was inside the vehicle since the vehicle was still mobile.  He decided against using pepper spray and using the police dog to enter the vehicle.  Instead, he decided to break the front passenger window so Decedent could hear the dog barking and feel motivated to leave the vehicle.

After he broke the window, the canine officer ordered Decedent to exit the vehicle

or he would send the dog inside.  Decedent accelerated his vehicle forward, toward a dirt alleyway, jumped over the curb, and crashed his vehicle into a wall.  Decedent exited the vehicle with the box cutter in his hand.  Commands to drop the box cutter were given, but Decedent did not drop the box cutter.  Thereafter, Defendant Houn yelled "beanbag, beanbag, beanbag" and then deployed three beanbag rounds at Decedent.  Decedent moved back inside his vehicle for a few moments.  He then exited the vehicle and ran down the alleyway still holding the box cutter in his hand.

As Decedent was running northbound down the dirt alleyway, Sergeant Calver discharged his taser in dart mode at Decedent but missed.  Decedent continued running, but then suddenly turned his body easterly, towards his relatives' residence, where several bystanders were standing in the front yard and in close proximity to Decedent.  Fearing for the safety of the bystanders in the front yard, Sergeant Wheeler fired a single shot at Decedent.  After he was shot, Decedent climbed over the small yard fence still carrying the box cutter.  Not knowing that Sergeant Wheeler had fired his weapon, and Decedent reaching the front yard and in close proximity to the bystanders, Sergeant Calvert discharged his taser in dart mode for a second time.  The taser darts attached to Decedent's pants, but did not attach to Decedent's skin to have any effect.  Once Decedent reached the front door of the home, his relatives did not allow Decedent to enter the home and his aunt took away the box cutter from Decedent's hand.

## III.  PROCEDURAL HISTORY

On October 4, 2021, Defendants filed a summary judgment motion and asserted the qualified immunity defense.  [Dkt. 60.]  On February 3, 2022, the Court issued a ruling granting Defendants' summary judgment motion, in part, by dismissing Plaintiff Ramona Terrazas in the three state law claims for battery, negligence, and Bane Act violation, but denied Defendants' summary judgment motion in all other respects, including the denial of qualified immunity to Defendants Sergeant Wheeler, Sergeant Calvert, and Deputy Houn.  [Dkt. 118.]

Defendants filed a notice of interlocutory appeal on March 3, 2022 because the

SILVER & WRIGHT LLP
IRVINE INLAND EMPIRE BAY AREA SACRAMENTO

order denied them qualify immunity.  [Dkt. 119.]  Defendants appeal the Court's denial of qualified immunity because the determination on whether Defendants violated clearly established law, given the undisputed facts and the disputed facts in light most favorable to Plaintiffs and/or based on the video footage, shows that they did not violate clearly established law.  [Dkt. 123.]  On March 14, 2022, Plaintiffs filed an *ex parte* application to certify the appeal as frivolous.  On March 14, 2022 Defendants filed an opposition to Plaintiffs' *ex parte* application.  [Dkt. 124.]

## IV.   ARGUMENT

### A.   *Ex Parte* Relief Is Necessary To Avoid The Time And Expenses Of Conducting Trial On Issues That May Be Resolved By The Ninth Circuit

To obtain *ex parte* relief, a party must demonstrate that: (1) it will be irreparably harmed but for *ex parte* relief; and (2) it is without fault in creating the need for *ex parte* relief.  *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F.Supp. 488, 492 (C.D. Cal. 1995).  Defendants seek this relief by way of *ex parte* application rather than by noticed motion because they would be prejudiced in having to try this case on issues that may be resolved by the Ninth Circuit.  See *United States v. Claiborne*, 727 F.2d 842, 850 (9th Cir. 1984) ("[a party] would be irreparably harmed if the trial court continued to proceed to trial prior to the disposition of the appeal.")  Trial in this matter is scheduled for April 12, 2022.  The appeal not only divests the Court's jurisdiction on the issue of qualified immunity but also to claims related to qualified immunity, such as Plaintiffs' state law claims.  For instance, if the Ninth Circuit finds that Defendants did not violate any law (prong one to the qualified immunity analysis), then Plaintiffs' state law claims (battery, wrongful death, and violation of the Bane Act) would also be dismissed.  Also, if the Ninth Circuit reverses the Court's finding of Plaintiffs' Fourteenth Amendment claim for loss of familial relations, then Ramona Terrazas will no longer be a Plaintiff to this action since all her state law claims have already been dismissed.  Thus, Defendants would be irreparably prejudiced in having to proceed to trial on issues that are pending in the Ninth

SILVER & WRIGHT LLP
IRVINE. INLAND EMPIRE. BAY AREA. SACRAMENTO

SILVER & WRIGHT LLP

IRVINE INLAND EMPIRE BAY AREA SACRAMENTO

1   Circuit and that could be reversed on appeal and could lead to the dismissal of several, if

2   not all, claims and the dismissal of a named Plaintiff.

3   Defendants did not create the need for *ex parte* relief. Defendants timely filed a

4   notice of appeal [Dkt. 119] after the Court issued its order denying Defendants qualified

5   immunity [Dkt. 118]. Defendants obtained the County's approval on March 1, 2022 and

6   filed this notice of appeal two days later. (See concurrently filed Declaration of Mahadhi

7   Corzano ("Corzano Decl."), ¶ 2.) Trial in this matter is set for April 12, 2022. Even if

8   Defendants had immediately sought a stay, it still would have done so on an *ex parte* basis

9   because its Ninth Circuit opening brief is due on May 1, 2022, and defense counsel needs

10  to devote their full resources toward drafting that brief instead of preparing for trial. The

11  need for immediate relief results from the trial schedule not from any conduct on

12  Defendants' part. Should the Court grant a stay pending Defendants' appeal, it should do

13  so immediately to prevent any wasteful expending of judicial and public resources in

14  litigating this case that may be proven unnecessary should Defendants succeed on his

15  qualified immunity appeal. See *United States v. Hickey*, 580 F.3d 922, 927 (9th Cir. 2009)

16  (noting that a district court's divestiture errors can waste tremendous time and resources,

17  particularly where a case goes to trial.)

18  **B.  Defendants Are Permitted To File An Interlocutory Appeal Based On**

19  **The Denial Of Qualified Immunity At The Summary Judgment Stage**

20  In *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985), the Supreme Court has recognized

21  the availability for a party to file an interlocutory appeal from the denial of summary

22  judgment based on qualified immunity. In *Isayeva v. Sacramento Sheriff's Department*,

23  872 F.3d 938, 944–945 (9th Cir. 2017), citing to *Mitchell*, the Ninth Circuit found that

24  denials of qualified immunity are considered appealable "final decisions" because

25  "[q]ualified immunity is immunity from suit, not just a defense to liability" and the

26  immunity "is effectively lost if a case is erroneously permitted to go to trial." The Ninth

27  Circuit has "jurisdiction over an interlocutory appeal from the denial of qualified

28  immunity where the appeal focuses on whether defendants violated a clearly established

law given the undisputed facts" but lacks jurisdiction over "an interlocutory appeal that focuses on whether there is a genuine dispute about the underlying facts." *Knox v. Southwest Airlines*, 124 F.3d 1103, 1107 (9th Cir.1997). This does not mean that where disputed facts exist, as Plaintiffs contend, the Ninth Circuit does not have jurisdiction over a qualified immunity appeal. In fact, the opposite is true. In *Wilkins v. City of Oakland*, 350 F.3d 949, 951 (9th Cir. 2003), the Ninth Circuit held that "[w]here disputed facts exist[,] [the Ninth Circuit] will determine if the denial of qualified immunity was proper by assuming that the version of events offered by the non-moving party is correct." See also *Jeffers v. Gomez*, 267 F.3d 895, 903 (9th Cir.2001) (stating that "[w]here disputed facts exist ... we can determine whether the denial of immunity was appropriate by assuming that the version of material facts asserted by the non-moving party is correct"). More recently, in *Rodriguez v. County of Los Angeles*, 891 F.3d 776, 791 (9th Cir. 2018), the Ninth Circuit once again found that it had jurisdiction over issues of qualified immunity even when the determination of qualified immunity depends upon disputed issues of material fact, so long as the version of the disputed facts are assumed most favorable to plaintiff.

Here, Defendants appeal the Court's denial of Defendants' qualified immunity defense. Defendants contend that, taking the facts in the light most favorable to Plaintiffs and/or the video footage, Defendants did not violate any constitutional law, and, if they did, the constitutional violation was not clearly established. Defendants also appeal the materiality of several disputed facts, the Court's denial of qualified immunity based on the provocation rule, and the Court's applying the wrong standard to determine whether Defendants' actions shocked the conscious. All these issues are legal issues that are appealable. Thus, Defendants are permitted to bring their appeal despite that there are disputed facts.

///

///

///

MEMORANDUM OF POINTS AND AUTHORITIES

## C.   Defendants' Qualified Immunity Appeal Divests The Court of Jurisdiction Over This Case

"The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."  *Peck v. County of Orange*, 528 F.Supp.3d 1100, 1103 (C.D. Cal. 2021), citing *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982).  "In this circuit, where, as here, the interlocutory claim is immediately appealable, its filing divests the district court of jurisdiction to proceed with trial." *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992); see also *Herd v. City of Fontana*, 2020 WL 1934974, at *1 (C.D. Cal., 2020) ("A proper interlocutory appeal of an order denying qualified immunity on summary judgment divests the district court of jurisdiction to proceed to trial."); *Claiborne*, 727 F.2d at 850 (interlocutory appeals divest the court of jurisdiction pursuant to "to avoid confusion or waste of time resulting from having the same issues before two courts at the same time.").

Unless the Court certifies the appeal as frivolous, the Court must vacate the trial date.  See *Chuman*, 960 F.2d at 105 ("Because the district court did not certify this interlocutory appeal as frivolous or forfeited, the district court is automatically divested of jurisdiction to proceed with trial.").  As set forth in Defendants' opposition to Plaintiffs' *ex parte* application to certify the appeal as frivolous, this appeal is not frivolous.  [Dkt. 124.]  To the contrary, Defendants' appeal is not challenging the sufficiency of the evidence.  Instead, Defendants' appeal seeks to resolve issues of law relating to qualified immunity, whether Defendants violated a clearly established law given the undisputed facts, especially where extensive video evidence exists, and the materiality of the disputed facts.  Additionally, one of the pure legal issues that will be addressed on this appeal is the Court's reliance on the Ninth Circuit's invalidated "provocation" theory.  Given the importance of qualified immunity as repeatedly recognized by the Supreme Court, and the practical effect of it being lost if a case is erroneously permitted to go to trial, this appeal should be allowed to proceed.  Indeed, in two fatal shooting cases where Dale

SILVER & WRIGHT LLP
IRVINE INLAND EMPIRE BAY AREA SACRAMENTO

Galipo's office sought to certify an appeal of qualified immunity as frivolous, the Ninth Circuit reversed the district court's denial of summary judgment and ruled that the officers possessed qualified immunity.  See *Vasquez-Brenes v. Las Vegas Metro. Police Dept.*, 670 F.Appx. 617 (9th Cir. 2016) and *Isayeva*, 872 F.3d at 938, cases discussed in Defendants' opposition to Plaintiffs' *ex parte* application to certify the appeal as frivolous [Dkt. 124, pp. 10–12].

At issue in Defendants' current appeal is an assessment of whether a governmental defendant violated Plaintiffs' and Decedent's constitutional rights.  In other words, "was there a constitutional violation, and if so, was the constitutional violation clearly established?  See, *Saucier v. Katz*, 533 U.S. 194, 201 (2001); *Hamby v. Hammond*, 821 F.3d 1085, 1090 (9th Cir. 2016) (To "defeat … officials' defense of qualified immunity," a plaintiff "must show, 'first, [that he] suffered a deprivation of a constitutional or statutory right; and second [that such] right was clearly established at the time of the alleged misconduct.'") (alterations in original); *Kennedy v. City of Richfield*, 439 F.3d 1055, 1060 (9th Cir. 2006) ("Assuming as true the facts adduced by [plaintiff], then, we must determine whether [the officer] violated [plaintiff's] constitutional rights and whether those rights were clearly established.  [The officer] is entitled to qualified immunity unless we resolve both issues in the affirmative."); *Wilkinson v. Torres*, 610 F.3d 546, 554 (9th Cir. 2010) ("Because we conclude that [the officer] did not violate a constitutional right, we need not reach the question of whether that right was clearly established.").  In reviewing the denial of qualified immunity, the Ninth Circuit has held that "[e]ither prong [of qualified immunity] can be adjudicated on appeal by taking the facts as most favorable to the plaintiffs and applying the pertinent legal standards to those facts."  *Isayeva*, 872 F.3d at 945.  These questions sit at the center of not only Plaintiffs' excessive force and deprivation of familial association claims, but also Plaintiffs' state law claims of battery, wrongful death, and violation of the Bane Act.  See *Moore*, 2016 WL 6024530, at *7 ("In California, state law claims for wrongful death and battery at the hands of the police rise and fall with federal Section 1983 claims.  [Citations].  The same

SILVER & WRIGHT LLP
IRVINE. INLAND EMPIRE. BAY AREA. SACRAMENTO

SILVER & WRIGHT LLP
IRVINE INLAND EMPIRE BAY AREA SACRAMENTO

is true for a Bane Act claim, which requires a civil rights violation 'by threat, intimidation, or coercion.' [Citation].  So because the arrest and use of force did not violate [plaintiff]'s Fourth Amendment rights, all three claims fall away."); *Johns v. City of Eugene*, No. 6:16-CV-00907-AA, 2018 WL 11176240, at *2 (D. Or. Mar. 28, 2018) ("Because the factual questions underlying the Fourth Amendment claim and the state-law negligence claim are closely related (perhaps even identical), and because supplemental jurisdiction over the negligence claim is based on federal question jurisdiction over the constitutional claim, it would be inefficient to proceed to trial on the negligence claim alone.")  Thus, because the Court is without jurisdiction to resolve these questions, it is also without jurisdiction to proceed to trial on Plaintiffs' state law claims pending this appeal.  Therefore, the Court should vacate the April 12, 2022 trial date and stay the entire case pending Defendants' Ninth Circuit appeal.

### D.   A Stay Of The Entire Action Pending Appeal Is Warranted

Even assuming that Plaintiffs' state law claims are not divested by Defendants' appeal, given that substantial overlap of issues between qualified immunity and Plaintiffs' state law claims, in the interest of fairness, judicial economy, and the responsible use of the Court's and parties' resources, an order staying the proceedings until resolution of the issues on appeal is warranted.  To do otherwise invites the substantial risk of duplication of proceedings on already time-consuming evidence and the unfair potential for inconsistent outcomes.

This Court has the inherent power to stay proceeding "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936).  In deciding whether to stay a pending proceeding, a court should weigh all relevant "competing interests." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (internal quotation marks omitted).  "Among those competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the

simplifying or complicating of issues, proof, and questions of law which would be expected to result from a stay." *Ibid.* (quoting *CMAX Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).

Here, granting a stay will not prejudice Plaintiffs.  Plaintiffs contend that a stay would delay their day in court for one to two years.  [Dkt. 123, p. 8, lines 25–28.]  However, that is incorrect.  The Ninth Circuit has already issued a briefing schedule, with Defendants' opening brief to be filed on **May 2, 2022** and Plaintiffs' answering brief to be filed by **June 1, 2022**.  (See Corzano Decl., ¶ 4, Exhibit 2.)  Defendants do not intend on seeking any extension of this briefing schedule, especially if the Court makes a decision quickly to stay the April 12, 2022 trial, so Defendants' counsel can focus their energy on the appeal and not on preparing for trial.  Moreover, Plaintiffs may request the Ninth Circuit to place this appeal on the next available calendar upon completion of briefing, as the Ninth Circuit in the *Isayeva* case did, thus ensuring a delay would be at a minimum.  (See Corzano Decl., ¶ 3, Exhibit 1.)  Nevertheless, delaying trial would not irreparably harm Plaintiffs since their requested relief at trial is only monetary.  See *Fed. Trade Comm'n v. Cardiff*, No. EDCV182104DMGPLAX, 2020 WL 5417125, at *4 (C.D. Cal. Sept. 9, 2020) citing to *Lockyer*, 398 F.3d at 1110 ("As for monetary relief, the Ninth Circuit has held that "a delay in ... monetary recovery" alone, without any injunctive or declaratory relief, would not justify a stay.")  Plaintiffs were not financially dependent on Decedent.  Hence, delay in receiving a monetary award would not cause a financial hardship on Plaintiffs.  Accordingly, Plaintiffs will not suffer irreparable harm if the case is stayed.

Plaintiffs also argue that memories of witnesses will fade if the trial is delayed.  However, all the fact witnesses that will be testifying at trial have had their depositions taken.  If their memory does fade, which is very unlikely, their deposition testimony would refresh their recollection.  Thus, Plaintiffs' argument is without merit.

On the other hand, Defendants would suffer irreparable harm if the case was allowed to go forward.  First, trial would effectively eliminate Defendants' qualified

SILVER & WRIGHT LLP
IRVINE, INLAND EMPIRE, BAY AREA, SACRAMENTO

immunity defense. See *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) ("Because qualified immunity is "an *immunity from suit* rather than a mere defense to liability ... it is effectively lost if a case is erroneously permitted to go to trial.") (emphasis in original); *Saucier*, 533 U.S. at 200–201 ("Qualified immunity is an entitlement not to stand trial or face the other burdens of litigation.") (internal quotation marks omitted); *Peck*, 528 F.Supp.3d at 1107 (A "stay will serve the purpose of qualified immunity – to avoid trial and the burdens of pretrial matters.")  Second, Defendants would have to proceed to trial on issues that are pending appeal.  This may result in having to defend themselves twice on the same conduct and duplicative testimony, and could lead to inconsistent results. Finally, should Defendants succeed in their appeal on the first prong of the qualified immunity analysis, it would eliminate all of Plaintiffs' federal and state law claims, thus avoiding a jury trial.  Therefore, the harm Defendants would suffer if the Court proceeds to trial on Plaintiffs' state law claims would be irreparable.

The final *Landis* factor requires the Court to consider "the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer*, 398 F.3d at 1110.  "[C]onsiderations of judicial economy are highly relevant" to this evaluation.  *Gustavson v. Mars, Inc.*, No. 13-CV-04537-LHK, 2014 WL 6986421, at *3 (N.D. Cal. Dec. 10, 2014).  Denying a stay regarding Plaintiffs' state law claims pending appeal would result in the Court and jury making an evaluation as to the individual defendants' conduct, even though the same conduct is the subject to the interlocutory appeal, since Plaintiffs' wrongful death, battery, and violation of the Bane Act implicates the same reasonableness considerations as the Fourth Amendment excessive force analysis.  See *Moore v. City of Berkeley*, No. C14-00669, 2016 WL 6024530, at *7 (N.D. Cal. Oct. 14, 2016) ("In California, state law claims for wrongful death and battery at the hands of the police rise and fall with federal Section 1983 claims."); *Donaldson v. United States*, No. 15-CV-908 JLS, 2018 WL 1089986, at *13 (S.D. Cal. Feb. 26, 2018) ("[C]laims of excessive force under California law are analyzed under the same standard of objective reasonableness used in Fourth Amendment

claims."). The issues are so intertwined and overlap one another that trial may be rendered moot by the Ninth Circuit's ruling on appeal if the state law claims proceed forward. In *Martinez v. City of Pittsburg*, No. 17-CV-04246-RS, 2019 WL 1491676, at *2 (N.D. Cal. Apr. 4, 2019), the court succinctly stated potential problems that may arise if the case proceeds to trial while issues on qualified immunity are pending appeal:

> The circumstances of this action favor a stay of all claims, not only those pending before the Ninth Circuit. Declining to stay this action would mean that the six defendant officers would likely have to defend two separate trials related to the exact same conduct. This would clearly prejudice the defendant officers and result in a tremendous waste of judicial resources. Furthermore, given the substantial overlap between the claims in this action, proceeding with two separate trials could result in conflicting jury verdicts. While it is true that staying this case will delay to some extent the resolution of Plaintiffs' claims, this interest is ultimately outweighed by the likely waste of judicial resources and prejudice to Defendants of trying these highly interrelated claims separately.

Thus, as a matter to not complicate issues and for economy of judicial resources, the third *Landis* factors weighs in favor of staying a trial on Plaintiffs' state law claim pending Defendants' appeal.

## V.   CONCLUSION

Based on the foregoing, Defendants respectfully request that this Court stay this case pending resolution of Defendants' appeal and vacate the trial date currently set for April 12, 2022.

Dated: March 15, 2022

SILVER & WRIGHT LLP

By: _/s/John M. Fujii_____
JOHN M. FUJII
MAHADHI CORZANO
Attorneys for Defendants
County of San Bernardino,
Gary Wheeler, Thun Houn, and Jason Calvert

SILVER & WRIGHT LLP
IRVINE, INLAND EMPIRE, BAY AREA, SACRAMENTO