LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo (Bar No. 144074)
*dalekgalipo@yahoo.com*
Renee V. Masongsong, Esq. (SBN 281819)
*rvalentine@galipolaw.com*
21800 Burbank Boulevard, Suite 310
Woodland Hills, California 91367
Telephone:  (818) 347-3333
Facsimile:  (818) 347-4118

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| V.R., a minor, by and through her guardian *ad litem* Ariana Toscano, individually and as successor in interest to Juan Ramon Ramos, deceased; and RAMONA TERRAZAS, individually,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF SAN BERNARDINO; GARY WHEELER; THUN HOUN; JASON CALVERT; and DOES 4-10, inclusive,<br><br>Defendants. | Case No. 5:19-cv-01023-JGB-SP<br><br>[*Honorable Jesus G. Bernal*]<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' *EX PARTE* APPLICATION TO STAY THE CASE** |

# TABLE OF CONTENTS

**MEMORANDUM OF POINTS AND AUTHORITIES** .........................................1

    I.    **PROCEDURAL BACKGROUND**.................................................1

    II.    **LEGAL STANDARD** ..........................................................................2

    III.   **DISCUSSION** ......................................................................................4

        A.    *Disagreement with the Court's Factually-Detailed Analysis of Clearly Established Law is Not a Valid Basis for an Interlocutory Appeal*...................4

        B.    *This Court Should Deny Defendants' Ex Parte Application to Stay the Case Because the Court's Order Denying Qualified Immunity Based on Disputed Issues of Material Fact is Not a Final, Appealable Order*................7

        C.    *Plaintiffs Will be Prejudiced by a Stay of This Action*............................11

    IV.   **CONCLUSION** ..................................................................................14

# TABLE OF AUTHORITIES

**Cases**

*Apostol v. Gallion*,
  870 F.2d 1335, 1338–39 (7th Cir. 1989) ................................................. 2, 3, 6, 10

*Behrens v. Pelletier*,
  516 U.S. 299, 310-11 (1996) ........................................................................... 3, 6

*Chuman v. Wright*,
  960 F.2d 104, 105 (9th Cir. 1992) ................................................................ 2, 6, 9

*Clinton v. Jones*,
  520 U.S. 681, 708 (1997) ..................................................................................... 10

*CMAX, Inc. v. Hall*,
  300 F.2d 265, 268 (9th Cir. 1962) ....................................................................... 10

*Collins v. Jordan*,
  110 F.3d 1363, 1370 (9th Cir. 1996) ..................................................................... 6

*Craig v. County of Orange*,
  Case No. SACV 17-00491-CJC ................................................................... 1, 4, 6

*Farmer v. Las Vegas Metro. Police Dep't*,
  Case No. 2:17-CV-1946 JCM (BNW), 2019 WL 2471826, at *4 (D. Nev. June 13, 2019) ................................................................................................................ 5

*George v. City of Morro Bay*,
  322 F.3d 586, 591 (9th Cir. 2003) ......................................................................... 3

*Glenn v. Washington County,*
  673 F.3d 864, 870. (CA9 2011) ......................................................................... 5, 7

*Henderson v. City of Torrance*,
  Case No. CV 18-3918-MWF (Ex), 2021 WL 3185479, at *3 (C.D. Cal. Apr. 5, 2021) ..................................................................................................................... 5

*Isayeva v. Sacramento Sheriff's Dep't*,

872 F.3d 938 (9th Cir. 2016) .......... 4

*Johnson v. Jones*,
515 U.S. 304, 319–20 (1995) .......... 1, 6, 7

*Kennedy v. City of Ridgefield*,
439 F.3d 1055, 1060 (9th Cir. 2006) .......... 9

*Knox v. Southwest Airlines*,
124 F.3d 1103, 1107 (9th Cir. 1997) .......... 9

*LaLonde v. County of Riverside*,
204 F.3d 947, 953 (9th Cir. 2000) .......... 7

*Landis v. N. Am. Co.*,
299 U.S. 248, 254 (1936) .......... 10

*Lockyer v. Mirant Corp.*,
266 F. Supp. 2d 1046, 1052 (N.D. Cal. 2003) .......... 2

*Maisano v. Untied States*,
908 F.2d 408, 411 (9th Cir. 1990) .......... 3

*Marks v. Clarke*,
102 F.3d 1012, 1017 n.8 (9th Cir. 1996) .......... 3

*Maropulos v. County of Los Angeles*,
560 F.3d 974 (9th Cir. 2009) .......... 5

*Mitchell v. Forsyth*,
472 U.S. 511, 530 (1985) .......... 6

*Ortiz v. Jordan*,
562 U.S. 180, 188 (2011) .......... 2

*Plumhoff v. Rickard*,
572 U.S. 565, 772 (2014) .......... 5

*Ramirez v. County of Los Angeles*,
397 F. Supp. 2d 1208, 1230 (C.D. Cal. 2005) .......... 3

iv Case No. 5:19-cv-01023-JGB-SP
PLAINTIFFS' OPPOSITION TO DEFENDANTS' EX PARTE APPLICATION TO STAY THE CASE

*Rodriguez v. Cty. of L.A.*,
  891 F.3d 776, 790–92 (9th Cir. 2018) .................................................................. 3

*Sandoval v. County of Los Angeles*,
  Ninth Cir. Case No. 10-55733, Dist. Ct. Case No. CV 09-03428 PSG(SSx) ....... 11

*Schering Corp. v. First DataBank, Inc.*,
  No. 07-cv-01142, 2007 WL 1747115 at *3 (N.D. Cal. June 18, 2007) .................. 3

*Scott v. Harris*,
  550 U.S. 372 (2007) ................................................................................................ 6

*Vargas v. Cnty. of Los Angeles*,
  Case No. CV 19-3279 PSG (ASx), 2021 WL 2403162, at *6 (C.D. Cal. May 5, 2021) ..................................................................................................................... 10

*Wilson v. Maricopa Cnty.*,
  484 F. Supp. 2d 1015, 1021 (D. Ariz. 2006) .......................................................... 4

**Statutes**

28 U.S.C § 1912 ....................................................................................................... 3, 6
42 U.S.C. § 1983 ................................................................................................. 1, 5, 6
FRAP 32.1 ................................................................................................................. 11
with Ninth Cir. Local Rule 36-3(b ............................................................................ 11

**Rules**

Federal Rules of Appellate Procedure 38 .................................................................. 3
Ninth Cir. Local Rule 36-3(b) .................................................................................. 11

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. PROCEDURAL BACKGROUND

This civil rights and state tort lawsuit arises out of the fatal shooting of Juan Ramos ("Mr. Ramos") by County of San Bernardino ("County") Sheriff's Department Sergeant Gary Wheeler ("Sgt. Wheeler") on July 22, 2018, and the beanbag deployment by Deputy Thun Houn ("Deputy Houn") and taser deployment by Sergeant Jason Calvert ("Sgt. Calvert"). Plaintiffs bring this action under 42 U.S.C. § 1983 and California state law against Defendants Wheeler, Houn Calvert, and the County of San Bernardino. On October 4, 2021, Defendants moved for summary judgment ("Motion") on all of Plaintiffs' § 1983 claims and state law claims, and Plaintiffs timely opposed the Motion. (Dkt. # 69). Given the egregious nature of the shooting, Plaintiffs moved for summary judgment with respect to Sgt. Wheeler's use of deadly force, also on October 4, 2021. (Dkt. # 62). On February 3, 2022, the Court denied Defendants' Motion with respect to Plaintiffs' claims for excessive force, interference with familial relationship, battery, negligence, and violation of the Bane Act. (*See* Dkt. # 118 and "Exhibit B" to the Declaration of Renee V. Masongsong Decl. ("MSJ Order"), filed as Dkt. # 123-1, 123-3). Specifically, the Court denied Defendants' motion on qualified immunity with respect to the defendant officers' use of force on Mr. Ramos. (*Id*.). On March 3, 2022, Defendants filed a notice of appeal in the district court, challenging this Court's order on summary judgment denying qualified immunity. (*See* Dkt. # 119 (Notice of Appeal)). Notably, Defendants waited until the very last day to file their notice of appeal. On March 14, 2022, Plaintiffs filed an ex parte application to certify Defendants' appeal as frivolous. (Dkt. # 123).

In their ex parte application (Dkt. # 123), Plaintiffs explained that an order denying qualified immunity on the basis of disputed material facts is not a final, immediately appealable order. (*See* "Exhibit D" to Masongsong Decl. (Judge

1  Cormac J. Carney's 2019 Order Granting Plaintiffs' Motion to Certify Appeal as
2  Frivolous in the case *Craig v. County of Orange*, Case No. SACV 17-00491-CJC
3  (KESx) at Dkt. # 123-5); *Johnson v. Jones*, 515 U.S. 304, 319–20 (1995).
4  Additionally, as explained in detail below, a defendant may only appeal a court's
5  denial of qualified immunity on the basis that his conduct did not violate clearly
6  established law if the defendant assumes the plaintiff's version of the facts. (*Id*). In
7  this case, Defendants clearly dispute Plaintiffs' version of the facts, including
8  whether the uses of force were excessive and unreasonable. (*See* Defendants'
9  motion for summary judgment and Plaintiffs' opposition thereto at Dkt. # 60, 69,
10 69-1 and Plaintiffs' motion for summary judgment and Defendants' opposition
11 thereto at Dkt. # 62, 67, 67-1).
12      Therefore, this Court should use its power to deny Defendants' ex parte
13 application to stay this case and should grant Plaintiffs' ex parte application to
14 certify Defendants' appeal as frivolous and allow the case to proceed to trial as
15 scheduled. Defendants have been well aware of the existing trial date since
16 December 2021 (*see* Dkt. # 113), and the trial date has already been continued
17 twice, at Defendants' request. (*See* Dkt. # 56, 112). The parties have already
18 prepared the pretrial documents (*see* Dkt. # 89-110), and Plaintiffs are ready to
19 begin trial. Defendants' interlocutory appeal (including Defendants' last-minute
20 filing of the notice of appeal) and ex parte application to stay the case is merely a
21 tactic to further delay Plaintiffs' day in court. As explained below, this Court has
22 the power to certify Defendants' interlocutory appeal as frivolous, and doing so is
23 particularly warranted in this case involving Mr. Ramos, where the shooting and
24 other uses of force against him were particularly egregious.
25      **II.   LEGAL STANDARD**
26      "[I]mmediate appeal from the denial of summary judgment on a qualified
27 immunity plea is available when the appeal presents a 'purely legal issue. . . .'
28

1  However, instant appeal is not available . . . when the district court determines that
2  factual issues genuinely in dispute preclude summary adjudication." *Ortiz v. Jordan*,
3  562 U.S. 180, 188 (2011).  In determining whether to stay proceedings pending
4  appeal of a denial of qualified immunity, district courts must weigh the interests of
5  the defendants claiming immunity from trial with the interest of the other litigants
6  and the judicial system.  "During the appeal memories fade, attorneys' meters tick,
7  judges' schedules become chaotic (to the detriment of litigants in other cases).
8  Plaintiffs' entitlements may be lost or undermined."  *Apostol v. Gallion*, 870 F.2d
9  1335, 1338–39 (7th Cir. 1989).

10  *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992) clearly gives district
11  courts the right to certify an interlocutory appeal as frivolous.  "Should the district
12  court find that the defendants' claim of qualified immunity is frivolous or has been
13  waived, the district court may certify, in writing, that defendants have forfeited their
14  right to pretrial appeal, and may proceed with trial."  *Id*; *see also California ex rel.*
15  *Lockyer v. Mirant Corp*., 266 F. Supp. 2d 1046, 1052 (N.D. Cal. 2003) (explaining
16  and applying *Chuman* certification process); *Rodriguez v. Cty. of L.A.*, 891 F.3d
17  776, 790–92 (9th Cir. 2018).

18  "An appeal is frivolous if the results are obvious, or the arguments of error are
19  wholly without merit."  *In George v. City of Morro Bay (In re George)*, 322 F.3d
20  586, 591 (9th Cir. 2003) (quoting *Maisano v. Untied States*, 908 F.2d 408, 411 (9th
21  Cir. 1990)) (discussing standard under 28 U.S.C § 1912 and Federal Rules of
22  Appellate Procedure 38). A qualified immunity claim may be frivolous if the claim
23  is "unfounded" or "so baseless that it does not invoke appellate jurisdiction." *Marks*
24  *v. Clarke*, 102 F.3d 1012, 1017 n.8 (9th Cir. 1996) (quoting *Apostol*, 870 F.3d at
25  1339); *Schering Corp. v. First DataBank, Inc.*, No. 07-cv-01142, 2007 WL 1747115
26  at *3 (N.D. Cal. June 18, 2007) (quoting *Apostol*, 870 F.2d at 1339).

27
28

## III. DISCUSSION

### A. Disagreement with the Court's Factually-Detailed Analysis of Clearly Established Law is Not a Valid Basis for an Interlocutory Appeal

In their ex parte application to stay the case, Defendants argue that their appeal turns on a legal question and that the Ninth Circuit has jurisdiction over their appeal for that reason. Even if the Ninth Circuit did have jurisdiction, which Plaintiffs contend it does not, the presence of jurisdiction does not limit an appeal's frivolity. *See Behrens v. Pelletier*, 516 U.S. 299, 310-11 (1996) (distinguishing a determination of frivolity from whether the higher court had jurisdiction). In *Ramirez v. County of Los Angeles*, the court recognized that an appeal on the issue of whether established rights had been violated was frivolous. *Ramirez*, 397 F. Supp. 2d 1208, 1230 (C.D. Cal. 2005). The court acknowledged that there was enough evidence in the record, when viewed in the light most favorable to the party claiming injury, to establish that there were genuine issues of material fact as to whether the established rights had been violated. *Id.* The court held that because a jury could reasonably conclude that the defendant had violated a constitutional right, the appeal would do nothing but unreasonably delay the case. *Id.; see also Wilson v. Maricopa Cnty.*, 484 F. Supp. 2d 1015, 1021 (D. Ariz. 2006) (certifying interlocutory appeal as frivolous where, after construing the evidence in plaintiff's favor, the right at issue was clearly established).

Importantly, a defendant may only appeal a court's denial of qualified immunity on the basis that his conduct did not violate clearly established law if the defendant assumes the plaintiff's version of the facts. *See Isayeva v. Sacramento Sheriff's Dep't*, 872 F.3d 938, 945-46 (9th Cir. 2016). In *Craig v. County of Orange*, Case No. SACV 17-00491-CJC(KESx), Central District Judge Cormac J. Carney addressed this issue, stating:

> Nor does Defendant's second ground for appeal fare any better. A

|   |   |
|---|---|
| 1 | defendant may appeal a district court's denial of qualified immunity on the basis that his conduct did not violate clearly established law, so long as the defendant assumes the plaintiff's version of the facts. *See Isayeva v. Sacramento Sheriff's Dep't*, 872 F.3d 938, 945–46 (9th Cir. 2017). Defendant fails to do this. In his motion for summary judgment, Defendant primarily challenged the sufficiency of Plaintiffs' evidence and asserted his own version of the facts, arguing he reasonably believed that Witt had a gun. . . . Accordingly, the Court denied summary judgment because there were genuine issues of fact as to whether Deputy Petropolus reasonably believed Witt had a gun, whether Witt was attempting to flee, and whether Witt posed an immediate threat. |

("Exhibit D" to Masongsong Decl. at Dkt. # 123-1 (2019 *Craig* Order), Dkt. # 123-5).

Here, Defendants have disputed Plaintiffs' version of the events within their Motion and their opposition to Plaintiffs' Motion for Summary Judgment (Dkt. # 60, 67, 67-1, 69) and cannot now attempt to argue that their interlocutory appeal rests on a purely legal issue. "District courts have certified appeals of qualified immunity as frivolous where (1) defendants claim to rely on, but do not actually rely on, the plaintiff's version of the facts, or (2) where defendants' legal arguments run afoul of clearly established law." *Henderson v. City of Torrance*, Case No. CV 18-3918-MWF (Ex), 2021 WL 3185479, at *3 (C.D. Cal. Apr. 5, 2021) (collecting cases). Defendants' motion for summary judgment failed to assume the facts in the light most favorable to Plaintiffs in arguing that the right was not clearly established at the time of the incident. *See Henderson*, 2021 WL 3185479, at *4 (holding that defendants' argument that no triable issues exist failed to accept plaintiff's version of events and thus was grounds to certify defendants' appeal as frivolous); *Farmer v. Las Vegas Metro. Police Dep't*, Case No. 2:17-CV-1946 JCM (BNW), 2019 WL 2471826, at *4 (D. Nev. June 13, 2019) (certifying interlocutory appeal as frivolous where disputed facts prevent court from determining whether defendant's' force was reasonable and under plaintiff's version of the facts, clearly established law

prohibited defendant's use of force). Moreover, is clear that Plaintiffs' version of the facts puts the deputy defendants' uses of deadly force at odds with clearly established law in *Glenn v. Washington County* and the other cases cited in Plaintiffs' opposition to Defendants' Motion. (Dkt. # 118 (MSJ Order) at p. 14; *see also* Dkt. # 62, 69); *see also Hayes v. Cnty. of San Diego*, 736 F.3d 1223, 1233-34 (9th Cir. 2013); *S.B. v. County of San Diego*, 864 F.3d 1010 (9th Cir. 2017); *Chien Van Bui v. City of and Cty. of San Fran.*, 699 Fed. Appx. 614, 615 (Mem) (9th Cir. 2017) (unpublished, *see* FRAP 32.1(a)). Therefore, Defendants cannot argue that their appeal turns on a purely legal issue, and this Court should deny Defendants' ex parte application to stay the case.

    Certifying Defendants' interlocutory appeal is particularly warranted under the facts of this case. This Court must assume Plaintiffs' version of the facts and take the facts and all reasonable inferences therefrom in the light most favorable to Plaintiffs. As set forth in Plaintiffs' opposition to Defendants' summary judgment motion, Sgt. Wheeler shot Mr. Ramos, aiming for his back, when Mr. Ramos was running away without issuing a verbal warning that deadly force would be used. Additionally, Deputy Houn and Sgt. Calvert escalated the situation when they deployed the beanbag rounds and taser against Mr. Ramos within seconds of Mr. Ramos exiting the vehicle when he appeared to be surrendering, and Mr. Ramos had already been fatally shot at the time of Sgt. Calvert's second taser deployment. Sgt. Wheeler would not have been justified for shooting Mr. Ramos for running away while holding a box cutter and could not shoot Mr. Ramos under the fleeing felon theory under this set of facts. To justify using deadly force under the fleeing felon theory, Sgt. Wheeler would need (1) information prior to the shooting that Mr. Ramos had committed a felony involving the infliction of death or serious bodily injury and (2) Mr. Ramos still would need to pose an immediate threat of death or serious bodily injury at the time of the shots. Neither of these factors were present

here. At the time of the incident, the deputies had no information that Mr. Ramos had committed any crime involving the infliction of serious bodily injury or death. The only object Mr. Ramos had was a small box cutter, and Mr. Ramos never made any stabbing motions with the box cutter, never tried to attack anyone, and never injured or verbally threatened to injure anyone during this incident. At the time of the shooting, Mr. Ramos was not running directly toward anyone, and there was no person on the same side of the fence in Mr. Ramos' immediate vicinity. Any fear Sgt. Wheeler had was subjective, and a subjective fear is insufficient to justify using deadly force.

### B. This Court Should Deny Defendants' Ex Parte Application to Stay the Case Because the Court's Order Denying Qualified Immunity Based on Disputed Issues of Material Fact is Not a Final, Appealable Order

Whether an appellate court hears an interlocutory appeal from the denial of qualified immunity on summary judgment depends on the basis of the denial. *Maropulos v. County of Los Angeles*, 560 F.3d 974, 975 (9th Cir. 2009); *see Plumhoff v. Rickard*, 572 U.S. 565, 772 (2014) (appellate court has jurisdiction to review order denying officers' summary judgment motion based on qualified immunity in section 1983 action where decedent killed in a high speed car chase and officer's contention that conduct did not violate Fourth Amendment raised legal rather than factual issues). An order denying qualified immunity on the basis of disputed material facts is not a final, immediately appealable order. *Johnson*, 515 U.S. at 313–20. An order denying qualified immunity on the basis of legal issues is different, because deciding such legal issues is the realm of the appellate courts. *See id.*; *see also Scott v. Harris*, 550 U.S. 372 (2007).

Thus, an order denying qualified immunity, to the extent it turns *only* on an "issue of law," is immediately appealable, whereas an order denying qualified

immunity on the basis of disputed material facts is not. *Behrens*, 516 U.S. at 308 (*citing Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985)) (holding that a district court's denial of a claim of qualified immunity is an appealable "final decision" within the meaning of 28 U.S.C. § 1291 "to the extent that it turns on an issue of law"); *see also Collins v. Jordan*, 110 F.3d 1363, 1370 (9th Cir. 1996). "Where the district court denies immunity on the basis that material facts are in dispute, [appellate courts] generally lack jurisdiction to consider an interlocutory appeal." *Collins*, 110 F.3d at 1370; *see also Johnson*, 515 U.S. at 307.

In *Craig v. County of Orange*, *supra*, Judge Carney granted the *Craig* plaintiff's ex parte application to certify the defendants' appeal as frivolous, following *Rodriguez* and *Chuman*. (*See* "Exhibit D" to Masongsong Decl. (2019 *Craig* Order), Dkt. # 123-5). In that excessive force case, the individual officer defendant appealed the district court's March 7, 2019, order granting in part and denying in part the defendants' motion for summary judgment, challenging the Court's denial of summary judgment on the basis of qualified immunity. The *Craig* defendants contended that their appeal rested on two bases: (1) that the individual officer's use of force was lawful; and (2) that his use of force did not violate clearly established law. With respect to the *Craig* defendants' first ground for their appeal, the *Craig* court stated:

> [T]his is not an appropriate issue for interlocutory appeal. "[A] defendant, entitled to invoke a qualified immunity defense, may not appeal a district court's summary judgment order insofar as that order determines whether or not the pretrial record sets forth a 'genuine' issue of fact for trial." *Johnson v. Jones*, 515 U.S. 304, 319–20 (1995). The Court denied summary judgment on the excessive force claim because there were numerous disputed material facts that precluded any finding that Deputy Petropulos' use of force was objectively reasonable as a matter of law. It is disputed, for instance, whether Witt posed an immediate threat to the officers. . . Defendant cannot appeal the Court's determination that there
> were genuine issues of fact for trial. *Cf. Johnson*, 515 U.S. at 319–20.

Case 5:19-cv-01023-JGB-SP   Document 126   Filed 03/16/22   Page 14 of 19   Page ID #:4273

(*Id.* at p. 4)).

Here, it is undisputed that the Court's Order denying summary judgment to the defendant officers on qualified immunity grounds was premised on material factual disputes. (Dkt. # 118 (MSJ Order, "Exhibit B" to Masongsong Decl.) at p.p. 16-17). Specifically, the Court's Order denied qualified immunity to the defendant officers with this explanation:

> "[t]he determination of whether a reasonable officer could have believed his conduct was lawful is a determination of law that can be decided on summary judgment only if the material facts are undisputed." *LaLonde v. County of Riverside*, 204 F.3d 947, 953 (9th Cir. 2000); *see also Glenn v. Washington Cty.*, 673 F.3d 864, 870. (CA9 2011) (the resolution of material factual disputes "is critical to a proper determination of the officers' entitlement to qualified immunity"). Thus, where "there is a material dispute as to the facts regarding what the officer or the [Decedent] actually did, the case must proceed to trial, before a jury if requested." (*Id.*)
> Whether a qualified immunity defense applies to any Individual Defendant turns on whether their respective use of force was reasonable. The competing evidence discussed above shows that there is a genuine issue of fact as to this issue for each Individual Defendant. This issue, for each Individual Defendant, must be resolved by a jury before qualified immunity can be resolved, i.e., before it can be determined whether the Individual Officers' beliefs about the propriety of their conduct were reasonable.

In denying Defendant's Motion and denying qualified immunity to each individual officer defendant, this Court addressed the disputed issues of fact bearing on the *Graham* factors, stating:

> Although Decedent moved the car forward, a jury may find that Decedent did not attempt escape but tried to avoid the canine. A jury may also find that Decedent tried to get out and submit to arrest but was immediately pelted with beanbags and became scared. There is a genuine issue of disputed fact as to whether Decedent attempted to escape or actively resisted arrest.

(*Id* at p. 13.). Importantly, this Court held that "[t]riable issues also remain as to the "most important single element of the … factors" identified in *Graham*: whether the

Case No. 5:19-cv-01023-JGB-SP

PLAINTIFFS' OPPOSITION TO DEFENDANTS' EX PARTE APPLICATION TO STAY THE CASE

suspect posed an immediate threat to the safety of the police officers or others. *Smith*, 394 F.2d at 702 (internal quotations omitted)." (*Id.*).

This Court was clear in explaining that factual disputes prevent this Court from determining whether each of the individual deputy defendants' uses of force were excessive and unreasonable, stating, with respect to Houn:

> The Court finds that there is a genuine issue of material fact as to whether there was an immediate threat to the safety of deputies and bystanders at the time Deputy Houn deployed the beanbags.

(Dkt. # 118 (MSJ Order) at p. 14). In discussing Calvert's use of force, this Court stated:

> There are general issues of material fact as to Defendant Calvert's taser use: (1) whether a taser dart attached to Decedent or not and (2) whether the use of the taser was in response to an immediate threat. Assuming the first taser dart attached to Decedent, a reasonable jury may find that the use of the taser after the beanbags further thwarted Decedent's attempt to submit to arrest and retreat into the vehicle. Assuming the second taser dart attached to Decedent, a reasonable jury may find that the use of the taser after Decedent was shot constituted unreasonable and excessive force.

(*Id.* at p. 15). Addressing Sgt. Wheeler's use of deadly force, the Court further stated:

> There is a genuine issue of material fact as to whether Defendant Wheeler used excessive force when he shot Decedent. The parties dispute whether Decedent quickly turned towards the house when Defendant Wheeler shot him. A reasonable jury could find that even if Decedent quickly turned towards the house, Defendant Wheeler still used excessive force, because Decedent did not threaten anyone, did not advance towards anyone, and did not indicate any intention to physically injure anyone, even though he possessed a boxcutter.

(*Id.*).

Therefore, the instant appeal is not available because this Court clearly and appropriately determined that factual issues genuinely in dispute preclude granting summary judgment in this case. *See Ortiz*, 562 U.S. at 188. It is clear that the denial of qualified immunity in this case is not based on issues of law, but rather on

genuine issues of material fact.  Hence, the Court should find Defendants' appeal baseless and insufficient to deprive this Court of jurisdiction. *See Kennedy v. City of Ridgefield*, 439 F.3d 1055, 1060 (9th Cir. 2006) (*citing Knox v. Southwest Airlines*, 124 F.3d 1103, 1107 (9th Cir. 1997) (no jurisdiction over an interlocutory appeal that focuses on whether there is a genuine dispute about the underlying facts)). Accordingly, the Court should deny Defendants' ex parte application to stay the case and should certify Defendants' interlocutory appeal as frivolous.  *See Chuman v. Wright*, *supra*.

### C. Plaintiffs Will be Prejudiced by a Stay of This Action

Contrary to Defendants' arguments, this Court should retain jurisdiction and should not stay the instant action.  Defendants misrepresent the delay that their interlocutory appeal will cause.  Defendants' assertion that Plaintiffs' answering brief will be filed by June 1, 2022 and therefore the delay is insignificant, does not account for the additional time for the filing of Defendants' reply brief, getting on the Ninth Circuit's schedule for oral argument, and finding a new trial date that works for the district court and the parties.  The Court's authority to stay a proceeding is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  When considering a stay, courts consider "[1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).  "The proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997).

While the Supreme Court has allowed interlocutory appeals of qualified

immunity in light of qualified immunity's purpose to protect a public official from liability and from standing trial, courts have recognized that this approach may also "injure the legitimate interests of other litigants and the judicial system." *See Vargas v. Cnty. of Los Angeles*, Case No. CV 19-3279 PSG (ASx), 2021 WL 2403162, at *6 (C.D. Cal. May 5, 2021) (citing *Apostol*, 870 F.3d at 1338-39). In recognizing the value of a *Chuman* certification in the face of a frivolous appeal, the Seventh Circuit in *Apostol v. Gallion* explained:

> During the appeal memories fade, attorneys' meters tick, [and] judges' schedules become chaotic) to the detriment of litigants in other cases). Plaintiffs' entitlements may be lost or undermined. Most deferments will be unnecessary. The majority in *Forsyth* appeals—like the bulk of all appeals—end in affirmance. Defendants may seek to stall because they gain from the delay at plaintiffs' expense, an incentive yielding unjustified appeals. Defendants may take *Forsyth* appeals for tactical as well as strategic reasons: disappointed by the denial of a continuance, they may help themselves to a postponement by lodging a notice of appeal.

870 F.2d at 1138-39. This case was initially filed in June 2019. Almost three years have passed since the initiation of this case. In light of the frivolous nature of Defendants' appeal, it would be prejudicial to Plaintiffs to vacate the current trial date based on Defendants' inappropriate interlocutory appeal.

In the excessive force cases *Sandoval v. County of Los Angeles*, Ninth Circuit Case No. 10-55733, Dist. Ct. Case No. CV 09-03428 PSG (SSx),[1] and *Herd v. County of San Bernardino*, Central District Case No. 5:17-cv-02545-AB (SPx), Ninth Circuit Case No. 19-56494 show how a frivolous interlocutory appeal can prejudice the plaintiff by delaying their day in court. (*See* Masongsong Decl. at ¶¶ 4, 5 and "Exhibits A and C," Dkt. # 123-2, 123-4). In both *Sandoval* and *Herd*, as in this case involving Mr. Ramos, the court denied defendants' motion for summary judgment based on qualified immunity, and the defendants filed interlocutory

---

[1] Cited in accordance with Ninth Cir. Local Rule 36-3(b) ("Unpublished dispositions and orders of this Court issued on or after January 1, 2007 may be cited to the courts of this circuit in accordance with FRAP 32.1."); FRAP 32.1.

1  appeals.  In *Sandoval*, the Ninth Circuit affirmed the district court's summary
2  judgment ruling, holding that disputed issues of material fact preclude a finding of
3  qualified immunity at the summary judgment stage.  (Masongsong Decl. at ¶ 3 (Dkt.
4  # 123-1) and "Exhibit A").  The defendants' unsuccessful appeal in *Sandoval*
5  resulted in a two year and seven month delay in that trial.
6      In *Herd*, the district court denied the individual officer defendants' requests
7  for qualified immunity on summary judgment.  The *Herd* defendants filed an
8  interlocutory appeal, which Plaintiffs moved the Ninth Circuit to dismiss for lack of
9  jurisdiction.  In their motion to dismiss, the *Herd* Plaintiffs explained that the Ninth
10 Circuit lacks jurisdiction over the *Herd* defendants' interlocutory appeal because the
11 district court's order denying qualified immunity to the individual officers was
12 based on the existence of genuine issues of material facts and thus is not a final,
13 immediately appealable order.  The Ninth Circuit granted Plaintiffs' motion to
14 dismiss for lack of jurisdiction on June 25, 2020, and denied the defendants' motion
15 for reconsideration and rehearing en banc on the issue on November 3, 2020.
16 ("Exhibit C" to Masongsong Decl. (*Herd* Ninth Cir. Order), Dkt. # 123-4).  The
17 district court case was stayed pending the Herd defendants' appeal, which resulted
18 in approximately an 18-month delay in the case.  (Masongsong Decl. at ¶ 4 and
19 "Exhibit C").
20     This case involving Mr. Ramos was initially filed in June 2019, and almost
21 three years have passed since the initiation of this case.  The existing trial date was
22 set in December 2021 (*see* Dkt. # 113), and the parties have already prepared the
23 pretrial documents (*see* Dkt. # 89-110).  In light of the frivolous nature of
24 Defendants' appeal as set forth above, it would be prejudicial to Plaintiffs to vacate
25 the current trial date and stay the case based on Defendants' inappropriate
26 interlocutory appeal, which has the strong potential to result in a stay of this case for
27 another one to two years while the appeal is pending.
28

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request this Court deny Defendants' ex parte application to stay the case and instead grant this ex parte application and issue an order certifying Defendants' interlocutory appeal as frivolous, retaining jurisdiction, and keeping the trial date in place.

Respectfully submitted,

DATED: March 16, 2022                LAW OFFICES OF DALE K. GALIPO

                                     By        /s/ *Renee V. Masongsong*
                                        Dale K. Galipo
                                        Renee V. Masongsong
                                        Attorneys for Plaintiffs