UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 19-1023 JGB (SPx)** | Date | March 31, 2022 |
| Title | *V.R., et al. v. County of San Bernardino, et al.* | | |

Present: The Honorable    JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

Attorney(s) Present for Plaintiff(s):    Attorney(s) Present for Defendant(s):

None Present    None Present

**Proceedings:**   Order (1) GRANTING Plaintiffs' Ex Parte Application for Order Certifying Appeal as Frivolous and Retaining Jurisdiction (Dkt. No. 123); and (2) DENYING Defendants' Ex Parte Application to Stay Case Pending Appeal (Dkt. No. 125) (IN CHAMBERS)

Before the Court are two ex parte applications: (1) an ex parte application for order certifying appeal as frivolous and retaining jurisdiction filed by Plaintiffs (Dkt. No. 123) and (2) an ex parte application to stay case pending appeal filed by Defendants (Dkt. No. 125). For the reasons explained below, the Court GRANTS Plaintiffs' ex parte application and DENIES Defendants' ex parte application.

## I.    BACKGROUND

On February 3, 2022, the Court granted in part and denied in part Defendants' motion for summary judgment and denied Plaintiffs' cross-motion for summary judgment. ("Order," Dkt. No. 118.) As relevant here, the Court rejected Defendants' argument that the Individual Officer Defendants are entitled to qualified immunity. (Id.) The Court found that the evidence provided to the court presented genuine factual disputes that precluded qualified immunity. (Id.)

On Monday, March 7, 2022, the Court held the final pretrial conference; trial was set to commence on April 12, 2022. (Dkt. 122.) At the conference, Defendants' counsel notified the Court that he filed a notice of appeal on March 3, 2022. (Id.; see Dkt. No. 119.)

On March 14, 2022, Plaintiffs filed an ex parte application for order certifying Defendants' appeal as frivolous and retaining jurisdiction. (Dkt. No. 123.) Defendants opposed on the same day. (Dkt. No. 124.) Defendants then filed an ex parte application to stay the case pending appeal on March 15, 2022. (Dkt. No. 125.) Plaintiffs opposed on March 16, 2022. (Dkt. No. 126.)

## II.  LEGAL STANDARD

### A.  Motion to Certify the Appeal

When a district court's denial of a claim of qualified immunity turns on an issue of law, the defendant may file an interlocutory appeal. Mitchell v. Forsyth, 472 U.S. 511, 530 (1985). The filing of a notice of appeal ordinarily divests the district court of jurisdiction to proceed to trial. See Chuman v. Wright, 960 F.2d 104, 105 (9th Cir. 1992). However, if a district court certifies a defendant's claim of qualified immunity as frivolous, the district court may proceed with trial. Id.

A qualified immunity claim may be certified as frivolous if it is "so baseless that it does not invoke appellate jurisdiction." Marks v. Clarke, 102 F.3d 1012, 1017 n. 8 (9th Cir. 1996) (citation omitted). "An appeal is frivolous if the results are obvious, or the arguments of error are wholly without merit." Maisano v. United States, 908 F.2d 408, 411 (9th Cir. 1990) (per curiam); see also Neitzke v. Williams, 490 U.S. 319, 325 (1989) ("[A]n appeal on a matter of law is frivolous where '[none] of the legal points are arguable on their merits.'" (alteration in original) (quoting Anders v. California, 386 U.S. 738, 744 (1967))). Further, a defendant "can make an interlocutory appeal from the ruling on immunity only if he accepts as undisputed the facts presented by the appellees." Adams v. Speers, 473 F.3d 989, 990-91 (9th Cir. 2017).

### B.  Motion to Stay

The Court's authority to stay a proceeding is "incidental to the power inherent in every court to control the disposition of the causes on its docket with the economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). When considering a stay, courts consider "[1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly cause of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962). "The proponent of a stay bears the burden of establishing its need." Clinton v. Jones, 520 U.S. 681, 708 (1997).

## III.  DISCUSSION

### A.  Motion to Certify the Appeal as Frivolous

Plaintiffs contend that the Ninth Circuit cannot review the Court's summary judgment order because the Court found genuine issues of material fact which precluded granting qualified

immunity. (Dkt. No. 123, at 4-6.) Defendants assert that the Ninth Circuit can review the Order because there are several legal issues on appeal: (1) whether the factual disputes the Court found are "material" to qualified immunity (Dkt. No. 124 at 8); (2) the "Court's determin[ation] that Defendants 'provoked' the confrontation that ultimately necessitated the use of deadly force" (Id. at 8-10); and (3) the Court applied the incorrect legal standard to whether Defendants' "actions shocked the conscious[sic]." (Id. at 10).

### 1. Defendants Fail to Explain the "Materiality" of the Factual Disputes

The Ninth Circuit has explained that appellate courts "have jurisdiction to hear an interlocutory appeal from a denial of qualified immunity when the question involves a matter of law," but they lack jurisdiction "where the district court denies immunity on the basis that material facts are in dispute." Cunningham v. Gates, 229 F.3d 1271, 1286 (9th Cir. 2000), as amended (Oct. 31, 2000). Nonetheless, "[a]n appellate court still has jurisdiction to consider defendants' assertion that the dispute of a fact is not material" because "a claim of materiality is solely one of law." Id. (emphasis in original).

Defendants' present the following on the materiality of the factual disputes:

> Defendants also have the right to appeal the materiality of the disputed facts. The materiality of findings that Decedent did not turn quickly towards bystanders, was not advancing towards anyone, or not intending to physically injure anyone is appealable. The materiality that Deputy Houn's and Sergeant Calvert's use of less than lethal force thwarted Decedent's attempt to submit to arrest and the materiality of the sequence of events prior to the deadly shooting is also immediately appealable.

(Dkt. No. 124 at 8.)

Repeatedly stating that Defendants have the right to appeal the "materiality" of disputed facts does not render disputed facts immaterial. Defendants sorely misunderstand the Court's summary judgment Order. The Court did not make any of the listed "findings." What the Court did find was that there were genuine factual disputes on these issues and that a "reasonable jury" could make those inferences based on the disputed facts. See, e.g., MSJ Order at 14 ("A reasonable jury could find that there was no immediate threat to either deputies or bystanders, and that Deputy Houn's use of the beanbags thwarted Decedent's attempt to submit to arrest.") Further, the Court finds it peculiar that Defendants claim that the disputed facts related to these issues are somehow not material to qualified immunity without any explanation. It appears far more likely that Defendants misunderstand the concept of "materiality," given that Defendants discuss many of these issues in support of their qualified immunity defense. Thus, Defendants raise factual disputes that are improper on appeal.

### 2. The Court Did Not Apply the Provocation Rule

Defendants also argue that "the Court determined that Defendants provoked the confrontation that ultimately necessitated the use of deadly force," relying on the Ninth Circuit's outdated "provocation rule." (Dkt. No. 124 at 8-10.)

Defendants' argument appears to be based on the Court's single "see" citation to Espinosa v. City and Cnty. of San Francisco, 598 F.3d 528, 548 (9th Cir. 2010). County of Los Angeles, Calif. v. Mendez, 137 S. Ct. 1539 (2017) overturned the Ninth Circuit's provocation rule. In Mendez, the Supreme Court highlighted the Ninth Circuit's provocation rule methodology, which included a two-prong test: (1) the separate constitutional violation must create a situation which leads to the use of force and (2) the separate constitutional violation must be committed recklessly or intentionally. (Id. at 1542) (internal citations and quotations omitted).

The Court did not apply this test anywhere in its analysis. Nor did the Court ever determine that Defendants "provoked" the confrontation.

### 3. Defendants Fail to Demonstrate How the Court Applied the Incorrect Legal Standard to the Fourteenth Amendment Claim

Defendants' final argument is that the Court applied the wrong standard to determine whether Defendants' actions "shocked the conscious[sic]" to hold that it is a question of fact. (Dkt. No. 124 at 10.) Defendants' challenge to the Court's analysis is underdeveloped. In any event, the Court did not apply the incorrect legal standard. See A.G. v. County of Los Angeles, 2021 WL 4350500, *28 (C.D. Cal. July 30, 2021) ("The jury instructions specified that the jury should find that Markgraf violated Plaintiffs' due process rights if he 'acted in a manner which shocks the conscience.'") (citing A.D. v. Cal. Highway Patrol, 712 F.3d 446, 456 n.5 (9th Cir. 2013)). The Court explained the genuine factual disputes that precluded finding qualified immunity on that claim. Defendants contend that the Court incorrectly failed to find qualified immunity based on "undisputed facts" but fail to explain how the Court should have found qualified immunity or what undisputed facts would have provided a basis to find qualified immunity.

### B. Motion to Stay

Defendants fail to meet their burden to establish a basis to grant their Motion to Stay because Defendants' appeal is frivolous.

The Court retains jurisdiction over all of Plaintiffs' remaining claims, including their federal claims. See Rodriguez v. Cty. of Los Angeles, 891 F.3d 776, 791 (9th Cir. 2018). Thus, the Court will proceed to trial on all claims, which will eliminate Defendants' concern of duplicated proceedings and potentially inconsistent outcomes.

## IV.  CONCLUSION

Based on the foregoing, the Court GRANTS Plaintiffs' ex parte application to certify the appeal as frivolous and DENIES Defendants' ex parte application to stay case pending appeal.

**IT IS SO ORDERED.**