JOHN M. FUJII, SBN 172718
JFujii@SilverWrightLaw.com
ADRIANNA C. PAIGE, SBN 204902
APaige@SilverWrightLaw.com
SILVER & WRIGHT LLP
3 Corporate Park, Suite 100
Irvine, California 92606
Phone:      949-385-6431
Fax:   949-385-6428

Attorneys for Defendants
County of San Bernardino, Gary Wheeler,
Thun Houn, and Jason Calvert

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| V.R., a minor, by and through her guardian *ad litem* Ariana Toscano, individually and as successor in interest to Juan Ramon Ramos, deceased; and RAMONA TERRAZAS, <br><br>Plaintiff, <br><br>v. <br><br>COUNTY OF SAN BERNARDINO; GARY WHEELER; THUN HOUN; JASON CALVERT; and DOES 4-10, inclusive, <br><br>Defendants. | Case No.:   5:19-cv-01023-JGB-SP <br>Judge:   Jesus G. Bernal <br>Mag. Judge:  Sheri Pym <br><br>**DEFENDANTS'** ***EX PARTE*** **APPLICATION FOR ORDER TO COMPEL THE DEPOSITION OF PLAINTIFFS' EXPERT SCOTT DEFOE; OR IN THE ALTERNATIVE PRECLUDE TESTIMONY FROM SCOTT DEFOE** <br><br>[Filed concurrently with: <br>1. Memorandum of Points and Authorities in support of *Ex Parte* Application for Order to Compel Deposition <br>2. Declaration of Adrianna C. Paige in support of *Ex Parte* Application for Order to Stay Pending Appeal. <br>3. [Proposed] Order Granting *Ex Parte* Application for Order to Compel Deposition.] <br><br>[Trial date:  April 12, 2022] |

**TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:**

Defendants County of San Bernardino, Gary Wheeler, Thun Houn, and Jason Calvert (collectively, "Defendants") hereby apply *ex parte* for an order to compel the deposition of Plaintiffs V.R.'s and Ramona Terrazas' ("Plaintiffs") expert witness Scott DeFoe ("DeFoe) by April 11, 2022, or in the alternative, preclude DeFoe from testifying at trial.

Good cause exists for the requested relief. The deposition testimony of DeFoe is essential to Defendants' defense and to the disposition of this case and should be compelled by the Court because after several weeks of requesting dates for his deposition, Plaintiffs' counsel is now refusing to produce him. Setting a regular noticed motion would not be possible to bring this issue in front of the Court prior to the trial date. Defendants would therefore be extremely prejudiced in having to proceed in trial and defend this case without taking the deposition of Plaintiff's counsel's expert witness. Therefore, good cause exists to bring this issue in front of the Court immediately, via *ex parte*.

Prior to filing this Application, defense counsel contacted Plaintiffs' counsel Renee V. Masongsong from the Law Offices of Dale K. Galipo, 21800 Burbank Blvd., Suite 310, Woodland Hills, CA 91367; (818) 347-3333; rvalentine@galipolaw.com, by telephone and email and provided notice to the issues contained in this *ex parte* application. Ms. Masongsong has not responded to defense counsel's telephone calls and emails.

///
///
///
///
///
///
///

Defendants' *ex parte* application is based upon this application, the supporting memorandum of points and authorities, and the Declaration of Adrianna C. Paige and supporting exhibits, as well as all records and pleadings on file with the Court in this action and on such further evidence and argument as may be presented at or before the time of ruling.

Dated:  April 6, 2022                                   SILVER & WRIGHT LLP

                                                        By:  /s/Adrianna C. Paige
                                                             JOHN M. FUJII
                                                             ADRIANNA C. PAIGE
                                                             Attorneys for Defendants
                                                             County of San Bernardino,
                                                             Gary Wheeler, Thun Houn, and Jason Calvert

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendants County of San Bernardino, Gary Wheeler, Thun Houn, and Jason Calvert (collectively, "Defendants") bring this ex parte application for an order to compel the deposition of Plaintiffs' expert, Scott DeFoe ("DeFoe"). The deposition testimony of DeFoe is essential to Defendants' defense and to the disposition of this case and should be compelled by the Court. On numerous occasions, Defendants have attempted to schedule DeFoe's deposition to no avail. Trial in this matter is currently set for April 12, 2022. Defendants do not have the time to bring a regularly noticed motion to compel without suffering irreparable harm in having to proceed to trial without DeFoe's testimony. Defendants have told Plaintiffs that they will produce their police practices expert, Curtis Cope, at any time this week, weekend, or on Monday, during the day, before the day starts, or at night. Plaintiffs, on the other hand, will not give Defendants any deposition dates for Mr. Defoe. Therefore, Defendants respectfully request an Order setting DeFoe's deposition no later than April 11, 2022, or, in the alternative, preclude his testimony at trial and preclude any offering of declarations by DeFoe, for any purpose.

## II. FACTUAL BACKGROUND

Defendants initiated the scheduling of DeFoe's deposition on September 15, 2021. (See Declaration of Adrianna C. Paige ("Decl. Paige"), ¶ 2.) Plaintiffs failed to respond to Defendants' deposition notice. On October 28, 2021, Defendants sent Plaintiffs' counsel a second notice of DeFoe's deposition. (*Id*., ¶ 3.) On the same day, Plaintiffs informed Defendants that DeFoe had another deposition scheduled for the noticed date. Plaintiffs provided two dates that Defendants were not available. In return, Defendants proposed a later date, which DeFoe was not available. Defendants then followed up with Plaintiffs' counsel on November 19, 2021 and November 24, 2021. (*Id*., ¶¶ 4–5.)

On December 1, 2021, Plaintiffs provided DeFoe's availability to Defendants. (*Id*., ¶ 5.) On December 3, 2021, the parties set DeFoe's deposition. (*Id*., ¶ 7.) On December 6, 2021, we advised the Court in the Court's Pre-Trial Conference Order that the parties

are tasked with "working together to schedule the Depositions of the experts." (Dkt. No. 108-1).  On December 14, 2021, the parties discussed rescheduling DeFoe's deposition due to scheduling conflicts. (Decl. Paige, ¶ 9.) On January 7, 2022, the parties agreed to schedule DeFoe's deposition on January 28, 2022. (*Id*., ¶ 10.) However, on January 10, 2022, Defendants requested the deposition be rescheduled due to a scheduling conflict. (*Id*., ¶ 11.) On January 19, 2022, Defendants contacted Plaintiffs' counsel to reschedule DeFoe's deposition and requested alternative dates in which DeFoe was available. (*Id*., ¶ 12.) On February 24, 2022, Defendants contacted Plaintiffs again to ascertain DeFoe's availability. (*Id*., ¶ 13.) Due to Plaintiffs' failure to respond, Defendants sent a follow-up email regarding the rescheduling of DeFoe's deposition on March 2, 2022. (Id., ¶ 14.) On March 17, 2022, Defendants followed up with Plaintiffs' counsel regarding DeFoe's availability for his deposition. (*Id*., ¶ 15.)  On March 21, 2022, Plaintiffs' informed Defendants' counsel that DeFoe was only available on April 11, 2022, which is the day before trial. (*Id*., ¶ 16.) In response to Plaintiffs' proposal, Defendants proposed instead the option to take DeFoe's deposition in the evenings to accommodate his schedule. (*Id*.) On March 25, 2022, Defendants contacted counsel for Plaintiffs emphasizing their willingness to accommodate DeFoe's schedule by conducting his deposition on evenings or weekends. (*Id*., ¶ 17.)

Throughout the multiple conversations that took place between the parties, it was discussed that Plaintiffs' counsel, Ms. Renee Masongsong, would be the attorney defending the deposition of Mr. Defoe. (*Id*., ¶ 18.) Ms. Masongsong indicated that she could certainly make herself available after hours to defend Mr. DeFoe's deposition if it was required. (*Ibid*.) At no point was it my understanding that Mr. Galipo was planning on defending the deposition of Mr. Defoe. (*Ibid*.)

On March 31, 2022, Defendants again requested to discuss DeFoe's availability to have his deposition taken. (*Id*., ¶ 19.) At no time were Defendants informed that Plaintiffs were refusing to offer Mr. Defoe for deposition. (*Id*., ¶ 20.) Based on Ms. Masongsong's representation and the professional working relationship counsel for Defendants have had

with her over the past years, Defendants relied on the representation that Mr. DeFoe's deposition would be taken.  (*Ibid*.)

On April 4, 2022, the parties discussed several pre-trial issues which included finding an available date for DeFoe's deposition.  Plaintiffs' counsel refused to provide a date for the deposition stating that we may not be able to take DeFoe's deposition prior to trial.  (*Id*., ¶¶ 21–24.)  Plaintiffs' counsel also noted that he had been attempting to schedule depositions for Defendants' other expert witnesses.  (*Id*., ¶ 22.)  However, Plaintiffs last noticed those expert depositions on September 16, 2021 and Defendants' experts have stated that they will accommodate Plaintiffs' availability.  (*Ibid*.)

## III. ARGUMENT

### A.   *Ex Parte* Relief Is Necessary To Avoid Undue Surprise At Trial

To obtain *ex parte* relief, a party must demonstrate that: (1) it will be irreparably harmed but for *ex parte* relief; and (2) it is without fault in creating the need for ex parte relief.  *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F.Supp. 488, 492 (C.D. Cal. 1995).  A party who wants to depose a person by oral questions must give reasonable written notice to every other party. Fed. R. Civ. P. 30(b)(1).  Fed. R. Civ. P. 30(a)(1) provides that "A party may, by oral questions, depose any person, including a party, without leave of court . . . ." Fed. R. Civ. P. 30(b)(1) requires that a party seeking a deposition give "reasonable notice" of the deposition. Courts construe "reasonable notice" to be five days, if the deposition notice does not require the production of documents at the deposition. *Guzman v. Bridgepoint Educ., Inc.*, 2014 U.S. Dist. LEXIS 58806, at *4 (S.D. Cal. Apr. 28, 2014); *Millennium Labs, Inc. v. Allied World Assur. Co.*, 2014 U.S. Dist. LEXIS 8158, at *2, n. 1 (S.D. Cal. 2014), *Pac. Mar. Freight, Inc. v. Foster*, 2013 U.S. Dist. LEXIS 165275, at *2, n. 2 (S.D. Cal. 2013).  A court can order a party to produce its nonparty expert witness at a deposition if the party to be deposed is engaging in evasive behavior. Fed. R. Civ. P. 37(a)(4).

Here, Defendants did not create the need for *ex parte* relief.  Defendants attempted to notice DeFoe's deposition on multiple occasions, but Plaintiffs attempted to evade the

deposition each time while representing that he would, of course, be produced. Trial in this matter is scheduled for April 12, 2022. If the Court permitted the parties to proceed with trial without taking the deposition of DeFoe, Defendants would face irreparable harm by facing undue surprise if DeFoe is allowed to testify at trial. DeFoe's deposition would need to take place immediately because defense counsel would need to devote their full resources toward preparing for trial. As illustrated above, Defendants were persistent in attempting to set DeFoe's deposition and the need for ex parte relief results from the evasive tactics of Plaintiffs' counsel. Thus, Defendants respectfully request that this Court order a date by which DeFoe must be produced for his deposition.

### 2. In The Alternative, DeFoe's Should Be Precluded From Testifying At Trial

Should the Court reject Defendants' *ex parte* application to compel DeFoe's deposition, DeFoe should be precluded from providing testimony at trial. The purpose of taking depositions is to allow the opposing party to examine the witness's testimony that he will provide at trial. Without taking an DeFoe's deposition, Defendants will suffer irreparable harm in preparing for trial because they were not able to ascertain his testimony and examine his credibility. This prejudice could ultimately alter the disposition of the matter. Therefore, Defendants respectfully request that if DeFoe's deposition is not compelled, his testimony should be precluded from trial.

///
///
///
///
///
///
///
///
///

## IV. CONCLUSION

Based on the foregoing, Defendants respectfully request an Order setting DeFoe's deposition no later than April 11, 2022, or, in the alternative, preclude his testimony at trial and preclude any offering of declarations by DeFoe, for any purpose.

Dated:  April 6, 2022

SILVER & WRIGHT LLP

By:  /s/Adrianna C. Paige
JOHN M. FUJII
ADRIANNA C. PAIGE
Attorneys for Defendants
County of San Bernardino,
Gary Wheeler, Thun Houn, and Jason Calvert